171 So.2d 239

**Dewey ALLISON**

v.

**STATE of Alabama.**

**6 Div. 165.**

Supreme Court of Alabama.

Jan. 21, 1965.

Dewey Allison, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

MERRILL, Justice.

Petitioner has filed a petition for writ of error in connection with his sentence of life imprisonment for murder in the first degree in May, 1960. The State has moved that the petition be stricken and the motion is due to be granted.

In this petition, he raises a few of the grounds that he has formerly raised in this court and in Federal courts. The cited opinions discuss all the questions raised and we do not recite them here.

Petitioner did not appeal his original conviction but later filed a petition for writ of error coram nobis which was decided against him and reviewed in Allison v. State, 273 Ala. 223, 137 So.2d 761, cert. den. 369 U.S. 856, 82 S.Ct. 946, 8 L.Ed.2d 15. Having exhausted his State remedies, petitioner sought and secured a review in the Federal courts, Allison v. Holman, D.C., 216 F.Supp. 69, affirmed 5 Cir., 326 F.2d 294, cert. den. 376 U.S. 957, 84 S.Ct. 979, 11 L.Ed.2d 975.

These matters having been fully adjudicated, petitioner has shown no right or reason for continued consideration of the same matters by this court. We do not favor continuous, repetitious or frivolous petitions on matters which have been finally adjudicated.

We cannot improve on the language used by Judge Gewin in writing of the same petitioner and the same grounds in Allison v. Holman, 5 Cir., 326 F.2d 294, where he said:

" * * * Most prisoners, no doubt, think that their punishment is too harsh, and innocence is often maintained in total disregard of the facts. The guilty are entitled to just as fair, patient, proper and orderly trial as are the innocent.

Once fairly tried and convicted, prisoners should not be allowed to crowd the courts with continuous, repetitious and frivolous hearings to the extent that such proceedings become the chief business of the Judiciary. There are other cases to be considered, and other rights and liberties to be protected."

Motion to strike petition granted.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.