208 So.2d 90

**Lee Roy WALDON**

**v.**

**STATE of Alabama.**

**6 Div. 530.**

Supreme Court of Alabama.

March 7, 1968.

Lee Roy Waldon, pro se.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

LIVINGSTON, Chief Justice.

This appeal is from the denial by the Circuit Court of Jefferson County, Alabama, Bessemer Division, of a petition for a Writ of Error Coram Nobis.

Petitioner was convicted of murder in the first degree on June 20, 1966, and sentenced to imprisonment in the penitentiary for life.

This petition for writ of error coram nobis was filed on September 12, 1966. Judgment was rendered thereon on June 1, 1967 and petitioner appealed.

The minute entry on petitioner's trial for murder in the first degree recited:

"On this the 27 day of May, 1966, came the State of Alabama by its Deputy District Attorney and Defendant being in open court in his own proper person and by counsel a copy of the indictment is served by the Sheriff on the defendant and said defendant being duly arraigned upon said indictment for his plea thereto says that he is not guilty and not guilty by reason of Insanity, and case set for trial June 20, 1966.

"On this the 20 day of June, 1966, came the State of Alabama by its Deputy District Attorney and defendant being in open court in person and by counsel moves to withdraw pleas of Not Guilty heretofore rendered.

"Said Motion is by the court heard and considered:

"It is ordered and adjudged by the court that Motion to withdraw pleas of Not Guilty be and is hereby granted and upon being duly arraigned Defendant pleads guilty to Murder First degree as charged. Jury duly selected and sworn. Defendant stands trial on his plea of guilty. Cause submitted to jury for verdict, thereupon

"Came a jury of good and lawful men, to wit: Fred C. Banks, and eleven others who being duly empaneled and sworn according to law upon their oaths do say: 'We the jury find the defendant guilty of Murder in the First Degree as charged in the indictment and we fix his punishment at life imprisonment in the Penitentiary. Fred C. Banks, Foreman.'

"On this the 20 day of June, 1966, the said defendant being in open court in his own proper person and by counsel and being asked by the court if he had anything to say why the judgment of the court and the sentence of the law should not now be pronounced upon him, says nothing. It is therefore considered by the court and it is the judgment of the court that the defendant is guilty of Murder in the First Degree as charged in the said indictment and is adjudged guilty and found

by the jury in its verdict and it is the sentence of the law that defendant be imprisoned in the Penitentiary for life.

"It is therefore ordered and adjudged by the court that the State of Alabama have and recover of the defendant all costs accrued herein, including costs of feeding defendant while in jail for the recovery of which let execution issue." The final judgment from which the present appeal was taken recites:

"This cause coming on to be heard on the 3rd day of April, 1967, for final judgment upon the Petition of Leroy Waldon and the denial of the State of Alabama, and the Petitioner being in open court in his own proper person and by Court Appointed Counsel, Hon. Richard V. Jordan, and the State being represented by Hugh B. Harris, Jr., Assistant Deputy District Attorney, the court proceeds to hear the evidence in support of the Petition for Writ of Error Coram Nobis in Open Court, and finds from the evidence as follows:

"Petitioner was arraigned in open court on this case on May 27, 1966 and was present with his retained attorney Mr. Powell Lipscomb. A copy of the Indictment was served upon the defendant by the sheriff. Defendant entered a plea of Not Guilty and Not Guilty by reason of Insanity. The case was set for trial on June 20, 1966.

"On the day of trial, June 20, 1966, the defendant appeared in open court with his retained attorney, Mr. Lipscomb, and moved to withdraw the pleas of Not Guilty. The Court allowed the motion and the pleas were withdrawn. Petitioner then entered a plea of Guilty to Murder in the First Degree herein.

"The case was submitted to a properly empaneled jury upon the defendant's plea of Guilty in accordance with the Code of Alabama governing such procedures. Witnesses were sworn and examined and the case submitted to the jury for considera-tion upon the plea and with a recommendation of life sentence by the Assistant District Attorney. The jury returned after its deliberation and rendered a verdict of Guilty and set defendant's sentence at life imprisonment in the penitentiary.

"Petitioner was present in person and with his counsel at all times during the proceedings against him.

"Petitioner's attorney is a licensed practicing attorney in this county and adequately represented the Petitioner during the proceedings against him. The attorney had conferences with the Assistant District Attorney, the Petitioner, and made his own investigation of the case. Mr. Lipscomb informed the petitioner of his rights and participated in all phases of the proceedings.

"The Court finds that Powell Lipscomb is a competent Attorney and rendered competent services to the Petitioner during the proceedings for which this writ is filed.

"The Court finds that the proceedings against the Petitioner were conducted in a fair, impartial and unprejudiced manner and that the rights and privileges of the Petitioner were safeguarded and protected.

"The Court finds that the allegations of the Petition are not available to the defendant on a Petition for Writ of Error Coram Nobis, and that such a Petition does not lie to avail Petitioner of such allegations, but should be raised by Appeal.

"The Court finds that the question of unlawful search and seizure is not raised in this case as the defendant plea (sic) Guilty and no evidence of unlawful search is in the trial record.

"The Court finds the allegations of paragraph 2 of the Petition are not available on this Petition as defendant plead Guilty. The allegation that Petitioner * * * 'stated in court that he only hit Pitts on the head * * *' is untrue as Petitioner

did not take the stand in the original proceedings.

"The Court finds that the allegation on the hearing of this Petition made by Petitioner that Detective J. C. Williams told him that if he denied committing the murder that he would be present when they shaved his head and put him in the electric chair, is unfounded and untrue.

"The alleged illegal confession by Petitioner raised at the hearing of this Petition is unfounded and untrue and no statement made by Petitioner was used against him at the trial of this matter.

"The Court finds that Petitioner withdrew his pleas of Not Guilty and Not Guilty by reason of Insanity and entered his plea of Guilty after full and complete discussion with his Attorney and after full and complete investigation by his Attorney of the facts. The verdict and sentence was rendered by a competent jury properly empaneled, and after the examination of witnesses by the State.

"The Court finds that the Petitioner is Guilty of the charge of Murder to which he pled Guilty and that he received a fair and impartial trial. The Court finds that neither the Court nor the trial jury, nor the District Attorney were in any way prejudiced or biased against the Petitioner in the conduct of the trial.

"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED BY THE COURT AS FOLLOWS:

"1. That the petition of Leroy Waldon for Writ of Error Coram Nobis be and the same is hereby denied.

"2. That the costs of Court accrued herein be and the same are hereby assessed against the Petitioner and if returned No Property Found then costs are assessed against the State of Alabama.

"DONE, ORDERED AND DECREED THIS 1st day of June, 1967."

We have carefully considered all of the evidence in the record before us, and are clear to the conclusion that the petition for Writ of Error Coram Nobis is wholly without merit, and the judgment of the lower court should be affirmed. It is so ordered.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.