227 So.2d 122

**Lee Roy WALDON**

v.

**STATE of Alabama.**

**6 Div. 724.**

Supreme Court of Alabama.

Oct. 2, 1969.

Jas. M. Hamrick, Bessemer, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

LIVINGSTON, Chief Justice.

This appeal is from the denial by the Circuit Court of Jefferson County, Alabama, Bessemer Division, of a petition for Writ of Error Coram Nobis.

Petitioner was convicted of murder in the first degree on June 20, 1966, and sentenced to imprisonment in the penitentiary for life.

The records of this Court show that on September 12, 1966, petitioner filed a petition for Writ of Error Coram Nobis. Said petition was denied on June 1, 1967. On appeal, after reviewing the record in the case, this Court affirmed the opinion of the lower court. See Waldon v. State, 281 Ala. 710, 208 So.2d 90.

The petitioner then filed a petition for Writ of Habeas Corpus in the Federal Court, having exhausted his State remedies. Relief was denied, as was an application for a Certificate of Probable Cause filed subsequently.

The present petition for Writ of Error Coram Nobis was filed on February 3, 1969, in the Circuit Court of Jefferson County, Alabama. The State's motion to dismiss was granted, said motion being based upon the contention that the grounds set forth in the instant petition for Writ of Error Coram Nobis were the same as those set forth in the earlier petition. Upon hearing, the lower court granted the State's motion to dismiss; hence, this appeal.

The grounds set forth in the instant petition are the same as those set forth in the earlier petition, with one exception, to wit:

"(5) Petitioner alleges that he was not given a fair and impartial hearing on his coram nobis which was previously filed in this cause, Giles v. State (Ala.) 384 U.S. 383 [384 F.2d 383]."

 Where the allegations in a petition for writ of error coram nobis have been fully adjudicated and the petitioner makes no showing for the renewed consideration of the same matters by the court, it is not error to grant the State's motion to dismiss the second petition. Allison v. State, 277 Ala. 423, 171 So.2d 239.

Ground (5), set out above, was within the purview of this Court's review on appeal of the lower court's denial of the earlier petition, and merits no further consideration here.

Even where other grounds are alleged in the second petition, this Court has held that in the absence of a petition containing cogent and compelling reasons why all the grounds relied upon were not included in the first petition for writ of error coram nobis, which has been heard and determined, this Court will not order the lower court to entertain or hear a second coram nobis petition relating to the same conviction.

In light of the earlier petition and the hearing and adverse determination thereon by the lower court, which was affirmed by this Court, the lower court is not to be put in error in granting the motion of the State to dismiss the second petition.

The judgment of the lower court is due to be, and is, affirmed.

Affirmed.

LAWSON, MERRILL and HARWOOD, JJ., concur.