This is a petition for writ of mandamus to the Alabama Court of Criminal Appeals. The petitioner, Johnny Ray Cox, asks us to require the Court of Criminal Appeals to grant him an extension of time for the filing of an application for rehearing of his appeal from an adverse decision in a coram nobis proceeding.
The following facts led to the filing of this petition:
Johnny Ray Cox was convicted of second degree murder in the Circuit Court for Madison County on April 20, 1978. He was sentenced to a prison term of 150 years. On appeal, at which Cox was represented by court appointed counsel, the Court of Criminal Appeals affirmed the judgment of the trial court. Coxv. State, 363 So.2d 1054 (Ala.Cr.App. 1978). Subsequently, Cox filed two petitions for writ of error coram nobis in the circuit court, both of which were denied. These decisions were upheld by the Court of Criminal Appeals on October 16, 1979, and October 6, 1981, respectively. On July 14, 1982, Cox filed a third coram nobis petition. On September 24, 1982, the circuit court issued the following order:
 This case was presented on the petition of Johnny Ray Cox for Writ of Error Coram Nobis. The Court notes that this petition is filed subsequent to at least one other petition for Writ of Error Coram Nobis previously filed before this Court by this defendant.
 Having reviewed this petition and the records regarding the conviction of the above-styled petitioner this Court concludes that this petition sets out no ground which was not or should not have been contained in the earlier petition which was heard by this Court.
 Accordingly, the petition for Writ of Error Coram Nobis filed in this case is denied.
It is further ordered that this case be dismissed.
On October 14, 1982, Cox filed his notice of appeal and motion for appointed counsel. The request for appointed counsel was denied on October 20, and, on November 18, Cox filed his appeal brief with the Court of Criminal Appeals. On February 1, 1983, that court affirmed the trial judge's denial of the petition, and, on February 22, entered final judgment.
On February 25, 1983, the trial court entered an order appointing counsel to represent Cox on appeal from its denial of the petition, of which counsel received notice March 2.
Immediately, counsel filed in the Court of Criminal Appeals a series of motions attempting to have the judgment of affirmance and certificate of judgment set aside, or to gain an extension of time to file an application for rehearing. These motions were denied. Counsel then filed this petition for writ of mandamus.
The petition presents the following dispositive issue:
 Is Cox entitled to an extension of time for filing his application for rehearing, where requested counsel was not appointed until after the time for filing an application for rehearing had expired, and Cox is indigent?
We hold that he is not, and deny the writ.
Cox first argues that the appeal of his coram nobis proceeding was not a discretionary appeal, and that he, therefore, had a right to appointed counsel. He likens his case to that of Longmire v. State, 443 So.2d 1265 (Ala. 1982). InLongmire, the defendant attacked by coram nobis proceeding the denial of his right to appeal from his original conviction. This court, "in an effort to insure that both justice and fairness prevail," allowed an out-of-time appeal. Cox points out, first, that he, through no fault of his own, did not receive court appointed counsel until after the time *Page 237 
for filing an application for rehearing had expired, and, second, that he manifested to the circuit court both a wish to appeal and a desire for appointed counsel, as did Longmire.
We find Cox's case and the Longmire case inapposite. Longmire was seeking an out-of-time appeal of his conviction. He had been determined indigent prior to trial, and following trial had expressed to his court appointed trial counsel his desire to appeal. Longmire was unaware that counsel on appeal and a transcript would be furnished him upon a finding of indigency. His sister discussed the case with trial counsel, but did not retain him. It appeared that Longmire, through no fault of his own, had failed to perfect a timely appeal from his conviction.
It is clear that Alabama law requires that indigent defendants who desire to appeal from their convictions be furnished counsel. Code 1975, § 15-12-22 (a) and (b). On the other hand, there is no such requirement regarding post-conviction proceedings. Section 15-12-23 provides:
 In proceedings filed in the district or circuit court involving the life and liberty of those charged with or convicted of serious criminal offenses including proceedings for habeas corpus and coram nobis or other postconviction remedies, and in post-trial motions or appeals in such proceedings, the trial or presiding judge or chief justice of the court in which such proceedings may be commenced or pending may appoint counsel to represent and assist those persons so charged or convicted if it appears to the court that the person charged or convicted is unable financially or otherwise to obtain the assistance of counsel and desires the assistance of counsel and it further appears that counsel is necessary in the opinion of such judge to assert or protect the right of such person.
Code 1975, § 15-12-23 (a). (Emphasis added.)
In Queor v. Lee, a case arising in Alabama, the defendant filed a habeas corpus proceeding charging failure of the state court to appoint counsel to represent him on appeal from the denial of his petition for writ of error coram nobis. The Court of Appeals for the Fifth Circuit held:
 Failure of the state court to appoint counsel to represent appellant on appeal on the denial of his petition was not error. Although an indigent's right to counsel on direct appeal is well recognized, Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), this right has not been extended to postconviction proceedings.
Queor v. Lee, 382 F.2d 1017 (5th Cir. 1967), at 1018.
The Fifth Circuit reaffirmed the holding of Queor inVandenades v. United States, 523 F.2d 1220 (5th Cir. 1975). After holding that Vandenades was not entitled as a matter of right to the aid of counsel in a post-conviction proceeding, the court added:
 [S]ince we hold that he is entitled to a hearing on that motion, it is evident to us that the assistance of counsel would greatly benefit the district court and the appellant. However, we leave that decision to the discretion of the district court.
523 F.2d at 1226. This court concludes in light of the foregoing discussion that Cox was not entitled, as a matter of right, to the assistance of court appointed counsel in the appeal from a coram nobis decision.
Cox next argues that, even if he did not have a right to court-appointed counsel, he has a due process interest which should allow him an extension of time for the filing of his application for rehearing where, despite his having requested appointed counsel, such counsel was not appointed until after his time for filing the application for rehearing had expired. He claims that the case of Wainwright v. Torna, 455 U.S. 586,102 S.Ct. 1300, 71 L.Ed.2d 475 (1982), requires this conclusion. We disagree. In Torna, the Supreme Court held that the defendant was not deprived of effective assistance of counsel where his retained counsel had not made a timely *Page 238 
filing of his application to the Florida Supreme Court for writ of certiorari. Cox, however, relies on footnote 4, included in the Court's opinion, which states:
 Respondent was not denied due process of law by the fact that counsel deprived him of his right to petition the Florida Supreme Court for review. Such deprivation — if even implicating a due process interest — was caused by his counsel, and not by the State. Certainly, the actions of the Florida Supreme Court in dismissing an application for review that was not filed timely did not deprive respondent of due process of law.
455 U.S. 586, 588 n. 4, 102 S.Ct. 1300, 1301 n. 4,71 L.Ed.2d 475.
Cox argues that this footnote, by implication, forces in his case the conclusion that because he had court appointed counsel who was appointed too late to apply for rehearing, he has been deprived by the state of due process. We do not find such an implication in this footnote. The obvious fallacy in Cox's argument is that, in this case, the failure to file a timely application for rehearing was not caused by court appointed counsel. Cox had been denied court appointed counsel by the trial court, acting in a discretionary capacity. When the time for filing application for rehearing expired, Cox was not relying on court appointed counsel to act, as he had no such counsel. Nor was he counting on the court to appoint counsel, such appointment having been denied on October 20, 1982. Since the granting or denying of court appointed counsel was discretionary with the trial judge, and since there is no evidence of abuse of that discretion, under the facts as presented here we find no denial of due process.
Cox's final argument is that he is not required to show a constitutional violation in order to receive an extension of time to file an application for rehearing. He cites Rule 2 (b) and Rule 26 (b), A.R.A.P., which allow an appellate court to extend or enlarge the time requirements under the rules or to suspend the rules "for good cause shown." However, Cox fails to note that the taking of such action by an appellate court is discretionary with that court. Rule 2 (b) provides:
 Suspension of Rules. In the interest of expediting decision, or for other good cause shown, an appellate court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. . . .
Rule 26 (b), likewise, begins:
 Enlargement of time. The court for good cause shown may, upon motion, enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time. . . .
The Court of Criminal Appeals has declined to extend the time for application for rehearing, or to suspend the rule. There is no evidence of abuse of discretion. Cox claims that he was entitled to a hearing on his third coram nobis petition, where the writ was meritorious on its face. However, the trial court's order, quoted above, stated that the petition set out no ground which "was not or should not have been contained in the earlier petition" heard by that court.[1] On appeal, the action of the trial court was affirmed. In Walden v. State,284 Ala. 608, 227 So.2d 122 (Ala. 1969), this court held:
 Where the allegations in a petition for writ of error coram nobis have been fully adjudicated and the petitioner makes no showing for the renewed consideration of the same matters by the court, it is not error to grant the State's motion to dismiss the second petition. Allison v. State, 277 Ala. 423, 171 So.2d 239.
. . . .
 Even where other grounds are alleged in the second petition, this Court has held *Page 239 
that in the absence of a petition containing cogent and compelling reasons why all the grounds relied upon were not included in the first petition for writ of error coram nobis, which has been heard and determined, this Court will not order the lower court to entertain or hear a second coram nobis petition relating to the same conviction.
 In light of the earlier petition and the hearing and adverse determination thereon by the lower court, which was affirmed by this Court, the lower court is not to be put in error in granting the motion of the State to dismiss the second petition.
284 Ala. at 609; 227 So.2d at 123. See, also, Bies v. State,418 So.2d 940 (Ala.Cr.App. 1982); McLeod v. State,415 So.2d 1232 (Ala.Cr.App. 1982). Under the circumstances, we cannot conclude that the Court of Criminal Appeals has abused its discretion.
Mandamus is an extraordinary writ. It is not granted unless there is a clear showing of error to the injury of the petitioner. The petitioner's right to relief must be clear and there must be no other adequate remedy. Ex parte HarringtonManufacturing Company, Inc., 414 So.2d 74 (Ala. 1982); Ex parteSlade, 382 So.2d 1127 (Ala. 1980). Mandamus will lie to compel the exercise of discretion, but not to compel its exercise in a particular manner except where there is an abuse of discretion.State v. Cannon, 369 So.2d 32 (Ala. 1979); East v. Todd,284 Ala. 495, 226 So.2d 153 (1969). In the instant case, we note from the exhibits that, in addition to his direct appeal from his conviction and his three petitions for writ of error coram nobis in the state courts, Cox has filed four habeas corpus petitions in the federal courts, all of which have been denied. At least one of these federal decisions was affirmed by the Fifth Circuit Court of Appeals. It also appears that a fourth coram nobis proceeding has been filed by Cox and is now pending in state court. We commend Cox's court appointed counsel for his vigorous efforts to render his appointment meaningful to his client. However, under the facts of this case, we find no evidence of a defect in justice causing irreparable injury, such as would make us conclude that the decision of the Court of Criminal Appeals not to grant Cox an extension of time to file his application for rehearing amounted to an abuse of discretion. Therefore, the writ of mandamus must be denied.
WRIT DENIED.
FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur.
[1] We note that on the appeal of at least one of his prior coram nobis proceedings, Cox was represented by court appointed counsel.