**James ALLEN, Petitioner-Appellant,**

v.

**STATE OF ALABAMA,**
**Respondent-Appellee.**

No. 82–7290.

United States Court of Appeals,
Eleventh Circuit.

April 2, 1984.

Rehearing Granted in Part
and Denied in Part
May 21, 1984.

N.P. Callahan, Jr. (Court Appointed), Birmingham, Ala., for petitioner-appellant.

Thomas R. Allison, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before GODBOLD, Chief Judge, RONEY and SMITH *, Circuit Judges.

GODBOLD, Chief Judge:

In this habeas case we must decide whether a remand is necessary for an evidentiary hearing on whether petitioner Allen waived his right to a direct merits appeal in state court. If on remand the district court finds Allen entitled to an out of time appeal, he desires to present only one issue to the state appellate court. After picking our way through a procedural maze we conclude that the case must be remanded for an evidentiary hearing.

---

\* Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. Allen alleged that (1) inadmissible evidence was admitted against him; (2) a note was sent by the judge to the jurors after they began their deliberations; (3) the judge gave erroneous instructions to the jury; (4) the jury was prejudiced against him because prior to trial the district attorney offered to recommend a sentence of life imprisonment in return for his guilty plea; (5) allegedly exculpatory informa-

## I. Factual and Procedural History

Allen is an Alabama prisoner serving a life sentence for first degree murder. After conviction at a jury trial Allen filed an appeal that he subsequently withdrew. Neither party disputes that he withdrew the appeal on the advice of counsel. Allen then filed a coram nobis petition in the trial court. He alleged the grounds set out in the margin.[1] He did not include the waiver of appeal issue. The coram nobis court held an evidentiary hearing presided over by the merits trial judge; Allen was the only witness. During cross-examination he was questioned about the voluntariness of the withdrawal of his appeal.

Q Were you advised of this Court, at any time, that you had forty-two days to file an appeal?

A I didn't get a form of—

Q Did the Judge advise you in person, and orally, that you had a right to appeal; that you had forty-two days in which to do it?

A He did.

Q And did you appeal it?

A I did.

Q You filed an appeal?

A Right; and withdrew it.

Q Oh, I see. And you withdrew it on your own.

A Right.

Q Okay.

A Because, let the record show this: that you and my attorney made a deal between ya'll two, without my knowledge, and he brought it to me. There's nothing in the transcript where I had no knowledge of know-

tion in the investigating officer's report was not entered into evidence; (6) the trial judge prejudiced the jury in his instructions; (7) his attorney did not advise him of his right to a change of venue; (8) a witness committed perjury by testifying that an event occurred at 8:30 when in fact it occurred at 9:45; (9) prosecution witnesses were biased against him; and (10) the trial court refused to charge the jury as requested by Allen's attorney. Record at 44.

ing whether—what was said or what wasn't said.

Record at 36–37. At the conclusion of the hearing the court ruled:

Now, after hearing the evidence and based on my recollection of what happened in the trial of the case, I find that you received a fair trial; I find that you had competent counsel; I find that the procedures were in accordance with the laws of the State of Alabama; that you knowingly withdrew your appeal in this case after you had discussed this matter with Mr. Coplin who was your attorney; therefore, I deny your Petition for Writ of Error Coram Nobis in this case.

Record at 41. This ruling was appealed to the Alabama Court of Criminal Appeals where it was affirmed without opinion.

Allen subsequently filed a federal habeas petition in which he raised nine of the claims he had asserted before the coram nobis court. *See supra* note 1. He also substituted for a previous claim the claim that "he did not have a fair trial in that he was concoursed [sic] into not [filing] an appeal." *See* Record at 13. The petition was referred to a magistrate. In the record before him was a letter dating from the period during which Allen could have appealed. This letter, from prosecutor Watkins to defense counsel Coplin, set out an arrangement whereby a pending assault charge would be nolle prossed if Allen did not appeal his murder conviction. Record at 105; *see also id.* at 64. The magistrate directed the state to obtain affidavits from Watkins and Coplin concerning any favorable agreement that might have been reached involving Allen's withdrawal of his appeal.

Coplin's affidavit stated that

[t]he District Attorney . . . made the recommendation that he would recommend to the trial judge that the charge of assault with intent to murder be dismissed if the defendant did not appeal his conviction of murder in the first degree. Mr. Allen agreed to this arrangement and the charge of assault with intent to murder was dismissed after his appeal time

had run in the murder case. The Defendant received favorable treatment on the assault with intent to murder charge because he agreed not to appeal his murder conviction.

Record at 110. In his affidavit the prosecutor said that he had written a letter to Coplin stating "that if no appeal was filed in the Murder case that I would Nolle Pros the Assault with Intent to Murder case against James Allen." Record at 111.

In response to these affidavits Allen submitted a statement saying that he had gone along with his attorney's advice to waive his right to an appeal but had done so without full understanding of his rights, and that his waiver had not been knowingly and intelligently made. Allen stated that his attorney had advised him that he could file motions and petitions raising his claims at a later date even if he withdrew his appeal, that he trusted his attorney and relied on this representation, and that his attorney either had misled him or had been incompetent in giving him this advice. Record at 116–17.

On the basis of these affidavits and the rest of the record the magistrate recommended that the petition be denied. He stated that the claim of denial of right to appeal was

at best, specious. The record clearly reflects that Allen agreed to an arrangement which gained him favorable treatment on a companion charge of assault with intent to murder in return for his agreement not to appeal the murder conviction. Now that he has gained the advantage of the arrangement he seeks to renege on the obligation. The record clearly shows that he was not coerced but willingly agreed to forego an appeal.

Record at 136–37. With respect to all other claims he concluded that they had been exhausted and were frivolous and without merit.

Allen filed an objection to the magistrate's recommendations. The district court did not specifically adopt the magistrate's recommendations but rather "[i]n accord with the Report and Recommendation

heretofore entered by the magistrate" and "the matter having been considered *de novo*," denied relief.

On appeal the petitioner urges the waiver of appeal issue. At oral argument petitioner's counsel conceded that, if given an out of time appeal, the only substantive issue he desired to challenge on that appeal would be a communication between the trial judge and jury that had occurred at petitioner's trial. While the jury was deliberating it sent a note to the judge, to which he responded in writing, all outside the presence of petitioner (or his counsel) and without his knowledge or opportunity to participate or object. If, on remand, the district court should find Allen entitled to an out of time appeal, all issues other than the jury communication would be considered waived. Thus petitioner's right to challenge the trial court's communication with the jury is contingent upon whether he prevails on his claim that he was coerced into waiving his appeal.

■ All of the other issues raised and decided in the district court stand affirmed. Petitioner attempts to raise one new issue on appeal, that the coram nobis court unconstitutionally denied him a transcript of his murder trial. It is not the practice of this court to consider issues on appeal that were not raised in the district court. *Stephens v. Zant,* 716 F.2d 276 (5th Cir.1983) (former Fifth Circuit case); *see Cobb v. Wainwright,* 666 F.2d 966, 968 n. 1 (5th Cir. Unit B), *cert. denied,* 457 U.S. 1107, 102 S.Ct. 2906, 73 L.Ed.2d 1315 (1982); *Spivey v. Zant,* 661 F.2d 464, 477 (5th Cir. Unit B 1981), *cert. denied,* 458 U.S. 1111, 102 S.Ct. 3495, 73 L.Ed.2d 1374 (1982). If the district court finds on remand, however, that Allen did not waive his right to an appeal, his remedy is an out of time appeal, for which

Alabama law would provide him a transcript if he is indigent.

## II. Exhaustion of State Remedies

■ Although Allen did not allege the waiver of appeal issue in his coram nobis petition, exhaustion is not a stumbling block in this case. Under 28 U.S.C. Sec. 2254(c) (1976),

[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

In this circuit futility of exhaustion is an exception to the exhaustion requirement of 28 U.S.C. Sec. 2254(b) (1976). *See Westbrook v. Zant,* 704 F.2d 1487, 1492–94 (11th Cir.1983); *Lamb v. Jernigan,* 683 F.2d 1332, 1335 n. 1 (11th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1276, 75 L.Ed.2d 496 (1983); *see also Thompson v. Wainwright,* 714 F.2d 1495, 1501–03 (11th Cir.1983) (discussing futility of exhaustion as one category of cases in which the state may waive exhaustion). In its brief the state concedes that, in accordance with *Waldon v. State,* 284 Ala. 608, 609, 227 So.2d 122, 123 (Ala. 1969), a detour back to state court for litigation of this claim would be futile for Allen. The coram nobis court specifically ruled that Allen "knowingly" waived his appeal; another petition for a writ of error coram nobis based on this claim could be dismissed on the state's motion. *See Waldon,* 284 Ala. at 609, 227 So.2d 122. Further resort to state remedies by Allen would be futile, and the exhaustion requirement is therefore satisfied on this claim.[2]

---

2. The state has notified the court by letter from the state attorney general that in the interest of judicial economy it would waive any defense of failure to exhaust, if this court were to find that Allen did not exhaust the waiver of appeal claim. Because we find that Allen has satisfied the requirements of Sec. 2254(b), we do not reach the question whether the waiver by the Alabama attorney general was within his pow-

er under Alabama law. *See Thompson,* 714 F.2d at 1500-01; *see also* Ala.Code Secs. 36–15–12, 36–15–21 (1977) (setting out the attorney general's authorization to prosecute and defend actions on behalf of the state); *see generally* Comment, *State Waiver and Forfeiture of the Exhaustion Requirement in Habeas Corpus Actions,* 50 U.Chi.L.Rev. 354 (1983).

### III. Procedural Default

The state contends that Allen waived his direct appeal and that this is a procedural default barring this court from reaching the merits of his claim. The state's contention is misplaced, since the very issue before us is whether Allen is entitled to an evidentiary hearing to show that he did not waive his merits appeal. The presence or absence of a procedural default is the threshold contested fact. For this reason the issues of voluntary waiver under *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), and procedural default under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497 (1977), and *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), are matters to be addressed by the district court on remand.

### IV. Presumption of Correctness

After petitioner obliquely raised his claim of denial of his right to appeal, in cross-examination at the coram nobis hearing, the judge found that he had "knowingly" withdrawn his appeal after discussing the matter with his attorney. As used by the coram nobis court, "knowingly" could have meant no more than that, in a lay sense, petitioner "knew" of the withdrawal; the record before that court was barren concerning petitioner's federal contention that he assented to the withdrawal as part of a plea bargaining agreement on the basis of erroneous advice from his attorney. Absent any evidence in the record concerning what the petitioner's lawyer represented to him, the coram nobis court could not have impliedly found that no erroneous representations were made.

■ Thus, whatever facts the state court found, they do not go to petitioner's federal claim that he did not knowingly and intelligently waive his right to a direct appeal. "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. at 464, 58 S.Ct. at 1023. There is nothing in the record of the coram nobis proceeding or petitioner's trial to shed light either way on petitioner's knowledge of his appellate rights, his ability to raise issues after waiving appeal, or his intent in withdrawing the appeal. We cannot impute to the coram nobis court a ruling on any of these issues when there is no record evidence to support their resolution. In the absence of relevant findings of fact by the state court the statutory presumption of correctness of 28 U.S.C. Sec. 2254(d) (1976) does not arise.[3]

### V. Need for an Evidentiary Hearing

■ Petitioner argues that the affidavits collected by the court below were insufficient to resolve the merits of his claim and that an evidentiary hearing on the issue was required. *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), sets the standards governing whether a federal district court must hold an evidentiary hearing to determine the merits of a habeas corpus petition of a state prisoner. *Coleman v. Zant,* 708 F.2d 541, 545 (11th Cir. 1983); *Thomas v. Zant,* 697 F.2d 977, 980–86 (11th Cir.1983). In *Townsend* the Supreme Court delineated six circumstances that warrant a plenary evidentiary hearing:

[A] federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by

---

**3.** Even if we were to assume that the coram nobis court's finding of "knowing" withdrawal of appeal was intended as a conclusion that Allen waived his appeal within the meaning of *Johnson v. Zerbst,* that finding would not be entitled to any presumption of correctness. The ultimate question of waiver is not one of historical fact but one that requires application of constitutional principles to the historical facts. *Brewer v. Williams,* 430 U.S. 387, 403–04, 97 S.Ct. 1232, 1241–42, 51 L.Ed.2d 424 (1977). Such mixed questions of law and fact are not governed by the statutory presumption of correctness in Sec. 2254(d). *Sumner v. Mata,* 455 U.S. 591, 597, 102 S.Ct. 1303, 1306, 71 L.Ed.2d 480 (1982); *King v. Strickland,* 714 F.2d 1481, 1485 (11th Cir.1983); *Goodwin v. Balkcom,* 684 F.2d 794, 804 (11th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1798, 76 L.Ed.2d 364 (1983) Thus, state findings concerning waiver are not accorded the statutory presumption.

the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

372 U.S. at 313, 83 S.Ct. at 757. As we have already found, petitioner did not present his federal claim in his coram nobis petition, nor did the state court reach the merits of his claim that his waiver of appeal was not knowingly and intelligently made. Thus, the first *Townsend* criteria was satisfied, and an evidentiary hearing should have been held below.

The state argues that the district court was correct in relying on the attorneys' affidavits to deny habeas relief to the petitioner. Neither of the attorneys' affidavits was responsive, however, to Allen's contention that Coplin had advised him that he could withdraw his appeal without losing his right to pursue alleged errors made at Allen's murder trial. The affidavits dealt exclusively with whether there had been a deal between Allen and the prosecution according to which Allen would withdraw his appeal in return for the prosecutor dropping a related charge against Allen.

In his response to the affidavits Allen conceded, as he had all along, that he had signed a withdrawal of his appeal on the advice of his attorney, but contended that

> he in fact did not do so with full [understanding] by knowingly and intelligently [waiving] his right for further motions and petitions that petitioner thought he had rights to do.
> ... [H]is attorney of record, William T. Coplin, Jr. did advise and explain to petitioner that because of duress on [petitioner's] part, that petitioner could at a later date file said motions and petitions with probable favorable results.

Record at 116.

> The Petitioner states that in no way could he knowingly intelligently make such agreement to not appeal a *Life* sentence if Attorney of record had not ad-

vised he did in fact have other [avenues] in which to proceed.

Record at 116-17 (emphasis in original). Allen's contentions were uncontradicted, unless one reads the affidavits from Coplin and the prosecutor as implicitly denying Allen's story of what happened. At the least, this evidence would create a factual dispute critical to resolution of the merits of Allen's claim.

◼ Although a habeas corpus petition may be disposed of on the basis of affidavits, contested facts ordinarily may not be decided on affidavits alone unless there is other evidence in the record supporting them. *Jordan v. Estelle,* 594 F.2d 144, 145–46 (5th Cir.1979) (per curiam); *Scott v. Estelle,* 567 F.2d 632, 633 (5th Cir.1978) (per curiam). Here there were contested facts (assuming we read the attorneys' affidavits as implicitly denying Allen's contention), and nothing in the record contradicts Allen on the critical point of whether his attorney had advised him that withdrawal of his appeal would not preclude him from litigating the errors allegedly made at his trial. Under these circumstances, the district court erred in denying the writ without holding an evidentiary hearing.

Having satisfied the *Townsend* criteria, Allen is entitled to an evidentiary hearing on the waiver issue.

REVERSED and REMANDED.