**Charles A. HUCKELBURY, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, etc., Respondent-Appellee.**

**No. 85–3201.**

United States Court of Appeals, Eleventh Circuit.

Feb. 10, 1986.

David A. Maney, Tampa, Fla., for petitioner-appellant.

Charles Corces, Jr., Asst. Atty. Gen. Tampa, Fla., for respondent-appellee.

Before HILL, Circuit Judge, TUTTLE and HENDERSON,* Senior Circuit Judges.

PER CURIAM:

The sole issue on this appeal is the voluntariness of a confession made by the petitioner-appellant Charles A. Huckelbury to the sheriff of Charlotte County, Florida. Huckelbury, who had been apprehended in North Carolina and transported to Florida, was incarcerated in the Charlotte County jail on a murder charge. He asked to speak to the sheriff, John T. Bent, about the statutory penalties for murder. Sheriff Bent obtained a copy of the relevant statutes and removed Huckelbury from his cell to a small "juvenile office" adjacent to the main part of the jail. After reviewing the statutes, Huckelbury confessed. During this meeting, Sheriff Bent did not advise Huckelbury of his constitutional rights as outlined in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). At some point in the confession Sheriff Bent promised Huckelbury that he would reveal his story only if he was required to do so or unless Huckelbury first gave his permission. The parties dispute whether this promise was made before or after Huckelbury's confession.

Huckelbury subsequently pleaded guilty to first degree murder, but later withdrew the plea. The state trial court refused to

* *See* Rule 3(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

suppress the confession and Huckelbury subsequently was convicted. After his conviction was affirmed on direct appeal Huckelbury filed this petition for a writ of habeas corpus in the United States District Court for the Middle District of Florida. The magistrate held an evidentiary hearing and found that the confession was voluntarily made and did not constitute double jeopardy. He therefore recommended that the petition be denied. The district court adopted the magistrate's report and recommendation and denied the writ. Huckelbury appeals that denial.

 Although Huckelbury raised other issues at his trial and on direct appeal, as stated earlier, the only issue before us [1] is whether his statement to Sheriff Bent was made of his own volition. The voluntariness of a confession is a matter for independent federal review. *Miller v. Fenton*, — U.S. —, —, 106 S.Ct. 445, 451, 88 L.Ed.2d 405 (1985), *rev'g* 741 F.2d 1456 (3d Cir.1984); *Jurek v. Estelle*, 623 F.2d 929, 932 (5th Cir.1980).[2] It is well established, however, that an appellate court is bound by the district court's factual findings, unless they are clearly erroneous. *Id.* at 931; *see Anderson v. Bessemer City*, — U.S. —, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). The district court found that Huckelbury initiated the meeting with Sheriff Bent, received a *Miranda* warning on his return to Florida, but not at the precise time of his confession, and admitted that when he confessed he was aware of his *Miranda* rights. Record on Appeal at 359. These factual determinations were not clearly erroneous.

In order to be admissible, a confession must be voluntary and, if given by one in custody, must have been preceded by the advice and warnings set out in *Miranda*. *See, e.g., Maine v. Moulton*, — U.S. —, —, 106 S.Ct. 477, 483, 88 L.Ed.2d 481 (1985), *aff'g* 481 A.2d 155 (Maine 1984); *Michigan v. Tucker*, 417 U.S. 433, 440–44, 94 S.Ct. 2357, 2361–64, 41 L.Ed.2d 182,

190–93 (1974); *Hoffa v. United States*, 385 U.S. 293, 302, 87 S.Ct. 408, 413, 17 L.Ed.2d 374, 382 (1966); *Miranda*, 384 U.S. at 467, 86 S.Ct. at 1624, 16 L.Ed.2d at 719. After an independent and thorough review of the record, we agree with the district court that the *Miranda* warnings were given and that Huckelbury's statements were made voluntarily without coercion or compulsion.

AFFIRMED.

precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

---

1. *See Allen v. Alabama*, 728 F.2d 1384, 1387 (11th Cir.1984).

2. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as