**Sidney BROWN, Petitioner,**

v.

**Nick NAVARRO, Sheriff, and Jim Smith, Attorney General, Respondents.**

No. 85–6382–Civ.

United States District Court, S.D. Florida, N.D.

Dec. 22, 1986.

Blaise Picchi, Fort Lauderdale, Fla., for petitioner.

Penny Brill, Asst. Atty. Gen., W. Palm Beach, Fla., for respondents.

## FINAL ORDER

ZLOCH, District Judge.

THIS MATTER is before the Court upon the Petition For Writ Of Habeas Corpus filed by Sidney Brown pursuant to 28 U.S.C. Section 2254, wherein the Petitioner attacks the constitutionality of his conviction obtained by a plea of nolo contendre for one count of child abuse. The Petitioner was adjudicated guilty by the Honorable Patti L. Englander in the County Court, in the Seventeenth Circuit, in and for Broward County, Florida, and sentenced to one year reporting probation with a special condition that he serve ninety (90) days in the Broward County Jail, that he have no contact with his daughter, and that he undergo a psychological evaluation.

On August 29, 1983, the Petitioner filed Motions to set aside his sentence and to withdraw his plea on the grounds that he did not knowingly and intelligently waive his right to counsel before entering the plea. A hearing was held on the Motions on August 29, 1983 before Judge Englander and an evidentiary hearing was held on August 31, 1983, wherein the Petitioner testified. Judge Englander then entered a written Order denying the Motions. On May 10, 1985, the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida, affirmed the trial court's denial of the post-conviction Motions.

On May 14, 1985, the Petitioner filed the present Petition For Writ of Habeas Corpus. The Petition was referred to Chief United States Magistrate Peter R. Palermo for a Report and Recommendation. On August 20, 1985, the Magistrate recommended that the Petition be dismissed without prejudice because the Petition was "mixed" in that it asserted both exhausted and unexhausted claims. On June 23, 1985, the Petitioner filed a Notice of Waiver as to relief for his unexhausted claim, i.e., that he was denied due process and equal protection of the law due to the trial court's alleged failure to determine a factual basis for the plea and to follow Rule 3.111 of the Florida Rules of Criminal Procedure. Having waived his right to the unexhausted claim, the Petitioner presents only one issue which this Court must consider: whether the Petitioner knowingly, intelligently and competently waived his right to counsel before entering his plea.

■ The question of an effective waiver of a federal constitutional right is governed by federal standards. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences. *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The ultimate question of waiver is not one of historical fact but one that requires application of constitutional principles to the historical facts. *Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977). Such mixed questions of law and fact are not governed by the statutory presumption of correctness in Section 2254(d). *Sumner v. Mata,* 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982); *Allen v. State,* 728 F.2d 1384 (11th Cir.1984); *King v. Strickland,* 714 F.2d 1481 (11th Cir.1983); *Goodwin v. Balkcom,* 684 F.2d 794 (11th Cir.1982, *cert. denied,* 460 U.S. 1098, 103 S.Ct. 1798, 76 L.Ed.2d 364 (1983). Thus, state findings concerning waiver are not accorded the statutory presumption. This Court, then, must look to the totality of circumstances to determine whether, in truth and in fact, a knowing waiver occurred. *Jurek v. Estelle,* 623 F.2d 929 (11th Cir.1980).

■ Under the proper constitutional standard, the state must prove "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). The state points to the record as evidence of the Petitioner's relinquishment of his right to counsel. The record shows that the Petitioner was advised of his right to remain silent, his right to trial by judge or jury, the right to require the state to prove the charges beyond a reasonable doubt, the right to call defense witnesses and the right to an attorney. He was advised that if he could not afford an attorney, he had

the right to have an attorney appointed. The record shows that Judge Englander asked the Petitioner if he understood his rights and the Petitioner responded that he in fact understood his rights. Judge Englander then asked the Petitioner if he wanted to give up those rights and enter a plea. The Petitioner responded, "Yes." The Petitioner acknowledges in his objection to the report of the Magistrate that a waiver was made, but contends that it was not made knowingly, intelligently and competently.

The determination of whether there has been an intelligent waiver must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. *Id.* In the Order denying the Petitioner's Motions to set aside sentence and withdraw his plea, Judge Englander specifically found that she had advised the Petitioner of his rights prior to accepting his plea. The Judge also found the Petitioner "to be extremely intelligent and understanding of his rights as well as the possibility of a year in jail as a potential punishment" and found that the Petitioner "fully understood the sentence and the proceedings and that he voluntarily entered the plea." A review of the record supports Judge Englander's findings. The plea dialogue shows that the Petitioner was fully informed as to the charge against him and the possible sentence and penalties involved. The information elicited by the Judge regarding the Petitioner's background, education, business, experience and family situation supports the finding that the Petitioner knowingly and intelligently waived his rights.

The Petitioner contends that he had "no comprehension at all, at the time of the arraignment, of the severity of the charge against him or the likely consequences." The record simply does not support this contention.

The Petitioner further contends that "anything that may have been explained to him by the Court went over his head in his nervous zeal to explain himself in a public forum crowded with people." This contention is not supported by the plea dialogue

or the finding by Judge Englander at the hearing on the Motions that the Petitioner's attitude was "flippant and cavalier" rather than nervous or uncomprehending. Federal habeas courts have no license to redetermine the credibility of witnesses whose demeanor has been observed by the state trial court but not by them. *Marshall v. Lonberger,* 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

After examining the record, evaluating the particular facts and circumstances of the case, including the background, experience and conduct of the Petitioner, this Court concludes that the Petitioner, Sidney Brown, voluntarily, knowingly, intelligently and competently waived his right to counsel.

The Court having carefully considered the Petition, argument of counsel of record, having reviewed the court file as well as the applicable law, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the Petition For Writ of Habeas Corpus be and the same is hereby DENIED as being without merit.