Charles A. HUCKELBURY, Petitioner–Appellant,

v.

Richard L. DUGGER, Robert Butterworth, Respondents–Appellees.

No. 86–3860.

United States Court of Appeals, Eleventh Circuit.

June 20, 1988.

---

Paul E. Lund, Carlton, Fields, Ward, Emmanuel, Smith, Cutler &.Kent, P.A., Tampa, Fla., for petitioner-appellant.

Kim W. Munch, Asst. Atty. Gen., Tampa, Fla., for respondents-appellees.

Before HILL, Circuit Judge, HENDERSON [*], Senior Circuit Judge and VINING [**], District Judge.

PER CURIAM:

Charles A. Huckelbury appeals from a final order entered by the United States District Court for the Middle District of Florida denying his second petition for a writ of habeas corpus. We affirm.

On September 11, 1974, Huckelbury was arrested in Charlotte, North Carolina for the murder of Al Rummell in Charlotte County, Florida. At the time of his arrest, Huckelbury was advised of his *Miranda* rights, *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and declined to make a statement. Huckelbury waived extradition and was returned to Florida on September 13, 1974. At Huckel-

bury's request, Lawrence A. Pearce, Jr., an assistant public defender, was appointed to represent him. Huckelbury contends that, before Huckelbury spoke with Sheriff John T. Bent, Pearce advised him to "remain as cooperative as possible with the jail officials to make his job easier in trying to get the charges against [him] reduced."[1]

Within a few days of his return to Florida, Huckelbury requested to speak to Sheriff Bent about the statutory penalty for murder. After reviewing the statute, which was furnished to him by Sheriff Bent, Huckelbury confessed that he had been hired to murder Rummell in exchange for $10,000.00. Although Sheriff Bent did not advise Huckelbury of his *Miranda* rights, Huckelbury admitted that he was aware of those rights at the time he made his inculpatory statements.

On November 12, 1974, upon the advice of counsel, Huckelbury pled guilty to first-degree murder. The statements he had made to Sheriff Bent were used to establish a factual predicate for the plea. Huckelbury was sentenced to life imprisonment.

Subsequently, Huckelbury learned that Pearce had not been admitted to the Florida Bar at the time of his representation.[2] Huckelbury sought to revoke his guilty plea. Following an evidentiary hearing, the trial judge denied Huckelbury's motion. The Second District Court of Appeals reversed and vacated the conviction, allowing Huckelbury to withdraw the plea. *Huckelbury v. State*, 337 So.2d 400 (Fla.App. 1976).

Huckelbury entered a plea of not guilty and moved to suppress the inculpatory statements he previously made to Sheriff Bent, claiming that they were obtained in violation of his privilege against self-incrimination and his right to counsel as

[*] *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

[**] Honorable Robert L. Vining, Jr., U.S. District Judge for the Northern District of Georgia, sitting by designation.

1. We note that there is some disagreement, stemming from a pre-evidentiary stipulation filed in the prior habeas proceeding, about whether Huckelbury conferred with Pearce be-

fore confessing to Bent. For the purposes of this opinion, we will assume that Huckelbury spoke with Pearce prior to his confession.

2. Pearce, a law school graduate, had obtained a passing score on the Florida Bar examination. However, he failed to meet the standards of character for applicants to the Florida Bar, having testified falsely before the Board of Bar Examiners..

guaranteed by the fifth, sixth and fourteenth amendments to the United States Constitution. The trial judge denied the motion and, after a jury trial, Huckelbury was convicted of first degree murder and sentenced to life imprisonment. The court of appeals affirmed Huckelbury's conviction *per curiam* without opinion and the Florida Supreme Court declined to review the case.

Huckelbury then filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Florida. On January 18, 1983, a hearing was held before the United States magistrate. On January 21, 1985, the magistrate issued a report and recommendation recommending denial of the petition. This report and recommendation addressed Huckelbury's fifth amendment claim but not his sixth amendment argument.[3] The district court adopted the report and recommendation, finding that no custodial interrogation took place and that Huckelbury's confession had been voluntary. This judgment was affirmed on appeal. *Huckelbury v. Wainwright,* 781 F.2d 1544 (11th Cir.1986). However, the panel opinion dealt only with the issue of the voluntariness of the confession. It did not address the right to counsel question or the issue of whether Sheriff Bent interrogated Huckelbury before the confession.

Subsequently, Huckelbury filed a second petition for a writ of habeas corpus, alleging that (1) his conviction was in violation of his sixth amendment right to assistance of counsel and (2) he was denied his fundamental right to a fair trial before an impartial jury. In an order dated October 24, 1986, the district court dismissed the latter ground as constituting an abuse of the writ. However, the court declined to dismiss Huckelbury's sixth amendment claim for that same reason.

Huckelbury's sixth amendment argument is twofold. First, he maintains that, regardless of the voluntariness of his con-

fession, he never waived his right to counsel. Second, he argues that when Pearce advised him to "remain as cooperative as possible," he, in essence, advised Huckelbury to confess. Huckelbury urges that, had it not been for the advice of this imposter counsel, he never would have confessed to Sheriff Bent.

On November 28, 1986, the district court granted the State's motion for summary judgment on Huckelbury's sixth amendment claim. The court correctly found that the voluntariness of the confession was subject to the law of the case doctrine. Based on the record, including a transcript from the evidentiary hearing conducted pursuant to the first habeas petition, the district court found that no custodial interrogation took place in this case. The Supreme Court of the United States has recognized that sixth amendment protections are not implicated when there is no interrogation. *Brewer v. Williams,* 430 U.S. 387, 400, 97 S.Ct. 1232, 1240, 51 L.Ed. 2d 424, 437 (1977); *Kuhlmann v. Wilson,* 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986).

After an independent and thorough review of the record, we agree with the district court's conclusion that there was no interrogation. We disagree with Huckelbury's assertion that Pearce's advice to "remain as cooperative as possible" was tantamount to a recommendation to confess to the crime.

The judgment of the district court is

AFFIRMED.

**3.** In a pre-evidentiary hearing stipulation, Huckelbury's counsel appears to have waived the sixth amendment claim. There is evidence in the record, however, that indicates that Huckel- bury vigorously objected to this waiver and was subsequently assured by his counsel that his sixth amendment argument had been preserved.