BOWEN, Judge.
Fred Ingram was convicted of sexual abuse in the first degree, fined $5000, and sentenced to 10 years’ imprisonment. On this appeal from that conviction, Ingram argues that his confession should have been suppressed because he had not been fully advised of his right to counsel, and because the confession was the result of an improper inducement.
I
Ingram was convicted of sexually abusing his nine-year-old granddaughter on April 7,1987. He was arrested at 8:10 p.m. on April 17, 1988, in Birmingham. He was initially interviewed by Danny Smith, an investigator for the district attorney, at 11:15 p.m. in Cherokee County.
At 8:33 p.m. on the night of April 17, 1988, Investigator Smith properly advised Ingram of his constitutional rights as dictated by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Ingram signed a written waiver of rights form. At that time Ingram was specifically advised, “If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish one.”
At 11:15 p.m., Investigator Smith again advised Ingram of his constitutional rights. However, he failed to inform Ingram of his right to appointed counsel. Ingram orally waived his rights and made a statement.
Here, Ingram never exhibited any reluctance to talk with Investigator Smith. The totality of the circumstances indicates that his statement was voluntary and that it was made after a knowing, intelligent, and voluntary waiver of rights. The mere fact that he was not fully advised of all the Miranda rights immediately before his confession does not render that confession involuntary. “Once the mandate of Miranda has been complied with at the threshold of the questioning it is not necessary to repeat the warnings at the beginning of each successive interview.” Gibson v. State, 347 So.2d 576, 582 (Ala.Cr.App.1977). See also Huckelbury v. Wainwright, 781 F.2d 1544, 1545 (11th Cir.1986); Love v. State, 372 So.2d 414, 415 (Ala.Cr.App.1979).
II
Ingram also maintains that his confession was the result of Investigator *79 Smith’s promises that he would get the help he needed and that he would not go to prison. Smith specifically denied making any such statement. This conflict in the evidence presented a question of fact which only the trial judge could resolve. His ruling of admissibility is supported by substantial evidence and, therefore, must stand. Williams v. State, 461 So.2d 834, 839 (Ala.Cr.App.1983), reversed on other grounds, Ex parte Williams, 461 So.2d 852 (Ala.1984).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.