BOWEN, Presiding Judge.
This is a petition for writ of mandamus filed in this Court by the Alabama Department of Mental Health and Mental Retardation seeking to compel the Circuit Court of Morgan County to rule on a “Notice of Proposal for Less Restrictive Treatment.”
The facts are that in June of 1992, John Anthony Yarbrough was adjudicated not guilty by reason of insanity in Morgan County Circuit Court Case Number 89-772. He was committed to the custody of the Alabama Department of Mental Health and Mental Retardation (hereinafter, the Department) pursuant to Ala.Code 1975, § 15-16-43, and is currently a patient at Bryce Hospital.
In November of 1992, pursuant to Rule 25.8(a), A.R.Crim.P., the Department filed a “Notice of Proposal for Less Restrictive Treatment” in the Morgan County Circuit Court requesting authorization to place Yarbrough in less restrictive treatment. Rule 25.8(a) provides:
“(a) Duty of Commissioner [of the Department]. When a defendant has been committed to the custody of the commissioner or a facility as provided by Rule 25.6(b), the commissioner or the facility, as the case may be, may not release such defendant from custody or permit such defendant to be at large without supervision and attendance unless authorized to do so by court order.”
In response to the “Notice of Proposal for Less Restrictive Treatment,” the circuit court entered the following order on November 10, 1992.
“The ‘Notice of the Proposal for Less Restrictive Treatment’ with its attached affidavit is considered.
“The order of this court dated July 24, 1987[1] placed custody of the defendant with the Commissioner of the Department of Mental Health. This Court does not undertake to supervise that custody nor the manner in which it is maintained. The Commissioner is charged with the responsibility of custody; how the Commissioner goes about that is the business of the Commissioner. This Court will not become involved in the details of the custody of the Defendant and does not here intend to interpret the meaning of Rule 25.8(a), ARCrP.”
On December 2, 1992, the Department filed a “Motion for Reconsideration” asking the circuit court to reconsider the matter and approve the Department’s recommendation that Yarbrough be permitted to be at large without supervision and attendance. On December 7, 1992, the circuit court, without a hearing, entered an order stating that “order of 11-10-92 unchanged.”
On January 5, 1993, the Department filed a “Second Motion for Reconsideration.”
*936 That motion, as had the previous motions, specifically cited Rule 25.8(a), A.R.Crim.P. The circuit court has not responded to that motion.
In response to the order of this Court directing the circuit court to show cause why the Department’s petition for writ of mandamus should not be granted, the circuit court entered the following handwritten notation on the order: “It should not be granted because my judgment ought to have some presumption of correctness.”
“Rule 25 deals with the procedures for determining whether a defendant who has been found not guilty by reason of mental disease or defect should be committed involuntarily to the Commissioner of the Department of Mental Health and Mental Retardation.
[[Image here]]
“Rule 25.8 is a restatement of the provisions of The Criminal Psychopath Release Restriction Act, and the procedures are specifically detailed in the Act and in Rule 25.8.
“Rule 25.8(a) specifically states that a defendant cannot be released by the Department of Mental Health and Mental Retardation or by any other facility in which the defendant might be confined ‘unless authorized to do so by court order.’
“Rule 25.8(b) provides that the defendant, or someone acting in his or her behalf, or the department, can file a motion seeking an order to allow the release of a defendant who is ‘no longer mentally ill or no longer poses a real and present threat of substantial harm to himself or to others by being at large.’ Rule 25.8(c) requires the Department of Mental Health and Mental Retardation or other facility having custody of a defendant to notify the court when either is of the opinion that the defendant is no longer in need of confinement.
“After receipt of a motion (Rule 25.-8(b)) or a notice (Rule 25.8(c)), the court must set a hearing within 30 days, unless all the interested parties consent and stipulate to the defendant’s release. Rule 25.8(d). If the court does not hold a hearing at least within 60 days of receipt of a motion or notice, the defendant must be released unless for good cause shown the hearing is continued for a reasonable time.
“After conducting the hearing, the court must release the defendant if the court is convinced that the defendant is no longer mentally ill or not longer poses a real and present threat of substantial harm to himself or to others by being at large. See Form 97, Order of Release from Commitment. On the other hand, if the court is convinced that the defendant is still mentally ill, but does not pose a real and present threat of substantial harm to himself or to others, then the court can order the defendant released on conditions. Rule 25.8(f).”
H. Maddox, Alabama Rules of Criminal Procedure § 25.0 at 653-654, § 25.8 at 661 (1990).
When a motion or notice for release from commitment is filed by the proper party, the circuit court must “set a hearing to be held within thirty (30) days of its receipt” unless there is a stipulation by all concerned as to the conditions of release or unless there has already been one hearing within the past six months. Rules 25.8(b) and (d). Here the circuit court failed to exercise his discretion and failed to act as required.
“Mandamus will lie to compel.the exercise of discretion, but not to compel its exercise in a particular manner except where there is an abuse of discretion.” Ex parte Cox, 451 So.2d 235, 239 (Ala.1983).
Therefore, in consideration of the above, the petition for writ of mandamus is granted. The circuit court is ordered to set a hearing on the Department’s motion within 30 days and to fully comply with the other requirements of rule 25.8, A.R.Crim.P.
PETITION GRANTED.
All Judges concur.

. The only order of commitment contained in the petition is dated June 3, 1992. There is no explanation for the July 24, 1987 order of commitment.