163 So.2d 212

Edgar MURPHY

v.

STATE of Alabama.

I Div. 181.

Supreme Court of Alabama.

April 9, 1964.

Rehearing Denied April 30, 1964.

Edgar Murphy, pro se.

Richmond M. Flowers, Atty. Gen., and Peter M. Lind, Asst. Atty. Gen., for the State.

MERRILL, Justice.

Appeal from a judgment dismissing a petition for writ of error coram nobis after a hearing.

Petitioner was indicted for robbery in June, 1934, was arrested, had counsel appointed because it was a capital case, was arraigned on July 9th, pleaded not guilty and not guilty by reason of insanity, and on July 16, 1934, withdrew his pleas and pleaded guilty, admittedly on advice of counsel. The jury found him guilty and fixed his punishment as life imprisonment in the penitentiary.

The present petition was filed in the Circuit Court of Mobile County on April 25, 1963, and after counsel had been appointed to represent petitioner, was heard on August 26, 1963. The petitioner and other witnesses, including one of appellant's attorneys in the 1934 trial, testified and the pertinent court records were introduced. After the hearing, the court dismissed the petition.

Part of the petition is based upon procedural law relating to indictments of other jurisdictions which is not the law of this state. The points raised which merited consideration by the trial court were either not supported by the evidence or unworthy of belief. Every allegation attempted to be proven by petitioner was known to him at the time of sentence, and it is notable that purported duress was laid upon the circuit solicitor, now dead, but who continued to hold that office for some ten years after the trial.

After the appeal was filed in this court, petitioner filed a request for appointment of counsel to represent him in this court on his appeal from the dismissal of his petition for writ of error coram nobis.

Act No. 526, Regular Session 1963, approved September 16, 1963, provides in Sec. 6 that the Chief Justice may appoint counsel in such proceedings if, inter alia, "it further appears that counsel is necessary in the opinion of such judge to assert or protect the rights of such person." Here the record is short, we have examined it in conference, and in view of the fact that the trial court considered all the points raised by the petitioner, and the evidence submitted to that court where petitioner was rep-

resented by counsel, the Chief Justice is of the opinion that appointment of counsel in this court is not necessary and the three other Justices listed concur in that conclusion.

Affirmed and request for counsel on appeal denied.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.