164 So.2d 486

Sam **ECHOLS**

v.

**STATE of Alabama.**

1 Div. 207.

Supreme Court of Alabama.

April 30, 1964.

Rehearing Denied May 28, 1964.

**490**

Sam Echols, pro se.

Richmond M. Flowers, Atty. Gen., and Peter M. Lind, Asst. Atty. Gen., for the State.

MERRILL, Justice.

This appeal is from a judgment denying a petition for writ of error coram nobis after a hearing in the Circuit Court of Washington County.

Petitioner was indicted for murder in the first degree, found guilty of murder in the second degree and sentenced to thirty years in the penitentiary on May 13, 1958.

On May 6, 1963, petitioner filed his petition for writ of error coram nobis alleging the following grounds:

1.  He had discovered vital new evidence that would have changed the jury's verdict.

2.  False and perjured testimony was used by the State to convict him.

3.  That the State prosecutor knowingly used false and perjured evidence during his trial.

4.  The verdict of the jury was contrary to the credible evidence.

5.  The credible evidence was insufficient to warrant the verdict.

6.  His counsel was inadequate.

7.  His conviction was illegally imposed on him.

8.  Newly discovered evidence has been established that would have, if known at the time of his trial, established his innocence.

An attorney, described by petitioner as "the best", was appointed to represent him at the hearing. After petitioner and his five witnesses were heard, the State presented documentary evidence and one witness to testify that the two attorneys representing petitioner at his original trial were capable and competent. The court then denied the petition, and listed each contention and stated why it was denied. We make brief mention of petitioner's allegations:

1.  Four of the five witnesses, petitioner's close relatives, testified to a threat that the deceased was supposed to have made against petitioner just before he went to petitioner's home and was killed. The other witness said he heard the threat but he was not in

Alabama when the case was tried. All the other witnesses testified at the trial but they did not mention the threat to anyone and did not testify about it. This was the alleged newly discovered evidence and, of course, was known or could have been discovered before trial.

2. The false and perjured testimony consisted of the statements of the State's witness, Archie Weaver. He allegedly testified at the original trial that he was not at petitioner's house and later that he was there. The jury heard these statements and had the right to assess such credibility to that witness as they deemed proper. The mere fact that a witness contradicts himself on the witness stand does not mean that a defendant was convicted on false or perjured testimony.

3. No evidence was adduced that the prosecutor knowingly used false testimony (that listed in 2, supra) and petitioner testified that the prosecutor did not knowingly use perjured testimony against him.

4. and 5. The trial court found that the petitioner was legally arrested and arraigned on March 13, 1958, released on bond until his trial on May 13, 1958, that the trial was fairly and impartially conducted and petitioner was ably represented by counsel at his trial.

6. Petitioner's attorneys on the original trial were of his own choosing and they were paid by him. Conviction of a client does not prove lack of skill or zeal on the part of counsel. Mills v. State, 275 Ala. 217, 153 So.2d 650; Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, cert. denied 358 U.S. 850, 79 S.Ct. 81, 3 L. Ed.2d 86. There was no evidence that his attorneys were not adequate.

7. The record refutes the charge that conviction was illegally imposed. Petitioner's argument that he could not be found guilty of murder in the second degree under an indictment charging murder in the first degree is without merit.

8. His so-called newly discovered evidence, discussed in 1, supra, was known to his relatives who were present and testified at his trial, and could have been discovered by the exercise of reasonable diligence. We cannot say that had this evidence been adduced at the original trial it would have prevented the rendition of the judgment challenged. Smith v. State, 245 Ala. 161, 16 So.2d 315.

It follows that the judgment dismissing the petition after hearing must be affirmed.

Petitioner has filed a motion for the appointment of counsel on appeal to this court.

Act No. 526, Regular Session 1963, approved September 16, 1963, provides in Sec. 6 that the Chief Justice may appoint counsel on appeal in coram nobis proceedings if, inter alia, "it further appears that counsel is necessary in the opinion of such judge to assert or protect the rights of such person." We have examined the record in conference, and in view of the fact that the trial court considered all the points raised by petitioner, the Chief Justice is of the opinion that appointment of counsel in this court is not necessary and the three other Justices listed concur in that conclusion. Murphy v. State, ante p. 427, 163 So.2d 212.

Affirmed and request for counsel on appeal denied.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.