167 So.2d 165

**Ex parte Earl PHILLIPS, Alias.**

**6 Div. 126.**

Supreme Court of Alabama.

Aug. 27, 1964.

See also 375 U.S. 865, 84 S.Ct. 138, 11 L.Ed.2d 92, and Ala.App., 152 So.2d 148; 275 Ala. 698, 152 So.2d 150.

Earl Phillips, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for respondent.

MERRILL, Justice.

This proceeding purports to be a petition for writ of mandamus against the Court of Appeals of Alabama. It is so labeled and styled by petitioner. However, the petitioner prays that "this Honorable Court will forthwith cause the writ of mandamus to issue, directed to the Circuit Court of Jefferson County, Alabama, commanding it to hear and adjudicate said petition for writ of error coram nobis without further unlawful delay."

On mandamus, we do not direct courts to take action when those courts are not parties to the mandamus proceeding. Here, the respondent is the Court of Appeals and not the Circuit Court of Jefferson County, and the petition therefore is without merit.

This proceeding involves a second petition for writ of error coram nobis filed in the Circuit Court of Jefferson County. A petition for mandamus was filed in the Court of Appeals to require the circuit court to act on the petition, and then this petition was filed in this court.

The Court of Appeals, through the Attorney General, has filed a motion to strike the petition. While the motion does not raise the point discussed supra, it does show the following:

1. Petitioner was indicted, tried and convicted in 1952 in two cases of robbery and was sentenced to eighteen years in the penitentiary in each case. He was represented by counsel and did not appeal.

2. In 1962, petitioner filed a petition for writ of error coram nobis in Jefferson County Circuit Court. He was represented by counsel and the petitions were denied on August 9, 1962. Appeals were taken to the Court of Appeals and the cases were affirmed, Phillips v. State, 152 So.2d 148 and 152 So.2d 150. Certiorari was denied by this court, 275 Ala. 698, 152 So.2d 150, and also denied by the Supreme Court of the United States, 375 U.S. 865, 84 S.Ct. 138, 11 L.Ed. 2d 92.

In the absence of a petition containing cogent and compelling reasons why all the grounds relied upon were not included in the first petition for writ of error coram nobis, which has been determined, we will not order a court to entertain or hear a second coram nobis petition relating to the same conviction.

The motion to strike is granted.

Application for writ of mandamus stricken.

LIVINGSTON, C. J., and HARWOOD, J., concur.

SIMPSON, J., concurs in the result.