178 So.2d 827

**James ANDREWS**

**v.**

**STATE of Alabama.**

**Misc. No. 57.**

Supreme Court of Alabama.

Sept. 30, 1965.

James Andrews, pro se.

Richmond M. Flowers, Atty. Gen., for the State.

PER CURIAM.

The immediate question before this court is whether we will grant petitioner's request for appointment of counsel to represent him on his appeal from an order of the circuit court granting the State's motion to strike his petition for writ of error coram nobis on the ground that the court had previously ruled on such a petition where petitioner had presented the same grounds as in the instant petition.

Petitioner asked this court to require the clerk of the circuit court to send up the record in the circuit court and we entered

an order on August 23, 1965, requiring the record to be furnished. It was filed in this court on August 31 and the petition for appointment of counsel was filed September 8, 1965.

 Act No. 526, Regular Session 1963, approved September 16, 1963, provides in Sec. 6 (listed as Tit. 15, § 318(6)) that the chief justice may appoint counsel in such proceedings pending in this court if, inter alia, "it further appears that counsel is necessary in the opinion of such judge to assert or protect the rights of such person." We have examined the record before us and it appears that the following statement of the trial court is undisputed: " * * * the Court finds that the grounds set forth in the motion to strike are true, and that the matters set forth in the present petition for writ of error coram nobis are the same grounds previously ruled upon by this Court, * * *." In view of this finding and considering the record before us, the chief justice is of the opinion that appointment of counsel in this case is not necessary and the other justices listed concur in that conclusion. Murphy v. State, 276 Ala. 427, 163 So.2d 212; Echols v. State, 276 Ala. 489, 164 So.2d 486.

In Allison v. State, 277 Ala. 423, 171 So. 2d 239, we said:

"These matters having been fully adjudicated, petitioner has shown no right or reason for continued consideration of the same matters by this court. We do not favor continuous, repetitious or frivolous petitions on matters which have been finally adjudicated."

Here, the trial court asserts in solemn judgment that these grounds "are the same grounds previously ruled upon by" that court.

 We repeat what we said in Ex parte Phillips, 277 Ala. 82, 167 So.2d 165:

"In the absence of a petition containing cogent and compelling reasons why all the grounds relied upon were not included in the first petition for writ of error coram nobis, which has been determined, we will not order a court to entertain or hear a second coram nobis petition relating to the same conviction."

It follows that the petition for counsel must be denied, and the judgment denying the petition for writ of error coram nobis must, on the record before us, be affirmed.

Judgment denying petition for writ of error coram nobis affirmed and petition for appointment of counsel on appeal denied.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL, COLEMAN and HARWOOD, JJ., concur.