203 So.2d 442

Clarence MATHIS

v.

STATE of Alabama.

4 Div. 298.

Supreme Court of Alabama.

Oct. 26, 1967.

Clarence Mathis, pro se.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

This is an appeal from the judgment of the Circuit Court of Houston County dismissing a petition for writ of error coram nobis after hearing.

Petitioner was indicted for robbery and warrant for his arrest bears date of May 18, 1943. On July 17, 1943 it was made known to the court that defendant was unable to employ counsel, and the court thereupon appointed competent counsel to represent defendant on the trial. On July 19, 1943, defendant appeared before the court accompanied by his counsel. The indictment being read to him, defendant pleaded not guilty. His case was set for trial July 22, 1943, and the defendant in open court before the court together with his counsel withdrew his plea of not guilty interposed on arraignment in the case and pleaded guilty of robbery. A jury thereupon rendered its verdict finding defendant guilty of robbery and fixing his punishment at imprisonment for thirty-five years. There were judgment and sentence accordingly.

The clerk of the Circuit Court and the attorney representing defendant on the main trial testified as witnesses for the State. A copy of a sheet of the trial docket, duly authenticated, was introduced in evidence, disclosing the proceedings above noted.

The Circuit Court in the present coram nobis proceeding appointed counsel to represent the petitioner after the petition had been filed with request for counsel. The grounds of the petition are that he was not adequately represented by his appointed counsel in the main trial, that he was not arraigned and that the appointed counsel "plead him guilty". Except for the bare conclusions of the petition these grounds are not sustained. The defendant alone testified in support of the petition. His evidence is itself contradictory. This proceeding was instituted some 24 years after the trial in which appellant was convicted. There is nothing to show any reason or excuse for the long delay in seeking any relief. As we held in Butler v. State, 279 Ala. 311, 184 So.2d 823, so great a lapse of time brings about the death or removal of the principal actors in the trial and, we may add, impairs the value and verity of the memory of witnesses of lesser but important incidental details. The writ of error coram nobis is not intended to relieve a party from his own negligence. Butler v. State, supra; Allison v. State, 273 Ala. 223, 137 So.2d 761, cert. den. 369 U.S. 856, 82 S.Ct. 946, 8 L.Ed.2d 15.

As we have noted above the allegation that the plea of guilty was without defendant's consent is not sustained by the evidence.

In appellant's own testimony his guilt of robbery is implicit. A request has been made for appointment by the Chief Justice of counsel to represent the petitioner on this appeal, under the provisions of Code 1940, Title 15, § 318, subsection (6), as appears in the Revised Code of 1958.

The record and evidence are short and have been examined in detail by the Justices. The record discloses an opinion of the trial court dismissing the petition, in which we concur. We conclude that appointment of counsel is unnecessary. The judgment appealed from is affirmed and appointment of counsel is denied. Murphy v. State, 276 Ala. 427, 163 So.2d 212; Echols v. State, 276 Ala. 489, 164 So.2d 486; Andrews v. State, 278 Ala. 434, 178 So.2d 827.

Affirmed and request for counsel denied.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.