220 So.2d 609

**Willie WILLIAMS**

v.

**STATE of Alabama.**

**2 Div. 527.**

Supreme Court of Alabama.

March 13, 1969.

John F. Taylor, Jr., Demopolis, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

MERRILL, Justice.

This appeal is from a judgment denying a petition for writ of error coram nobis from a judgment and sentence of life imprisonment for robbery where the petitioner pleaded guilty on May 5, 1943.

The petition was filed May 20, 1968, some 25 years after the sentence was imposed. Petitioner alleges that he was an escaped convict from Camp Thomaston in Marengo County; that he was rearrested in Eutaw, Alabama, and returned to the prison camp and was "thereupon beaten by a Mr. Clarence Thomas into signing a confession of the robbery that was said to have happened the 13th day of January 1943"; that he was tried and sentenced to life imprisonment and "was without aid of counsel doing (sic) the whole procedure."

Petitioner testified that he confessed because he was beaten by Thomas, who told him he would kill him if he did not confess, that he had no preliminary hearing and that he saw his two appointed lawyers only on the day he was sentenced and that the trial judge announced in court: "I want ten special jurymen won't give nothing but the death penalty."

The record shows that attorneys S. W. Compton and G. G. Griffin were appointed by the court to represent petitioner and that "the Defendant being in open Court in person and attended by his counsel," was arraigned and pleaded not guilty on May 3, 1943.

Two days later, the defendant entered a plea of guilty and the verdict and sentence fixed punishment at life imprisonment in the penitentiary.

The evidence showed that both of petitioner's attorneys and Clarence Thomas were deceased at the time of the hearing of this petition in 1968.

Petitioner's witness, Sam Houser, testified that he saw the guard, Clarence Thomas, beat petitioner but did not know the reason. Houser was in prison serving a sentence for grand larceny in 1943, had been convicted again for grand larceny and was serving a sentence for assault with intent to murder at the time of the hearing in 1968.

The State showed by George Pyle that he was a Gulf Oil agent in 1943; that his wife worked in his office in Demopolis, that she was hit over the head, received a cracked skull and was hospitalized; that later, some officers brought petitioner to the plant and petitioner "told them exactly what he did, how he entered and everything else, how he left Demopolis after he knocked my wife in the head"; that he said he spent some time in Livingston and spent the money he had taken ($150.00) and then wound up in Eutaw where he was caught; that he (Pyle) testified at the trial in 1943 after having been told by the solicitor (district attorney) that the petitioner had confessed everything and was willing to take a life sentence if Pyle and his wife agreed and that they did agree.

T. Wilmer Shields, Sheriff of Marengo County in 1943, testified that petitioner "told us that he wanted to plead guilty to it and accept a life sentence, he, in the presence of his attorneys" and that the confession was voluntary.

W. J. Lang, now warden at Camp Cullman, but warden at Camp Thomaston in 1943, was called as a witness by petitioner. He testified that petitioner escaped from Camp Thomaston and was brought back from Eutaw; that Clarence Thomas, now dead, was foreman at the prison camp in 1943, that he did not know whether Thomas beat petitioner but that escapees from camp "were given corporal punishment for escaping in some cases, not in all cases"; that he did not know petitioner was involved in the robbery until he confessed;

that petitioner voluntarily admitted that he committed the robbery and that "we brought him up here to Demopolis, and he directed us to the place where the crime was done and said he was the one that did it."

Finally, the State called Miss Terrell Whitman, who had been probation officer in Marengo County in 1943. She testified that it was routine for the probation officer to interview all prisoners after sentence; that she interviewed petitioner. She read from the report she signed after the interview:

"* * * 'His outstanding mannerism was his expressed pride in his prison record and his detailed description of the robbery and attempt at murder in the instant case. When asked if he intended to kill Mrs. Pyle or only hit her hard enough to get the money, he stated that he kept beating her until he thought she was dead; and if he had not been sure she was dead, he would have kept on until he killed her. He made no secret of the fact that he expects to escape again at the first chance he may have.' "

■ The evidence, if believed, was sufficient to support the denial of the petition by the trial court.

In Knowles v. State, 280 Ala. 406, 194 So.2d 562, we quoted the following from two 5th Circuit cases, Busby v. Holman, 356 F.2d 75 and Cooper v. Holman, 356 F.2d 82:

" 'It is settled by a host of authorities that a judgment on a plea of guilty which has been entered voluntarily on advice of counsel is not rendered invalid because the defendant had previously made a confession under circumstances which might have rendered it inadmissible in evidence if the defendant had pleaded not guilty and had gone to trial. This is so because the plea, if voluntarily and understandingly made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all non-jurisdictional defects in the prior proceedings against him. The judgment and sentence which follow a plea of guilty are based solely upon the plea and not upon any evidence which may have been acquired improperly by the prosecutor. Accordingly, a confession in the possession of the prosecutor which has been illegally obtained cannot be made the basis for a collateral attack upon a judgment of conviction entered upon a plea of guilty voluntarily and understandably made.' "

And it has been held that a plea of guilty in open court is a judicial confession acceptable at face value. Duncan v. State, 42 Ala.App. 111, 154 So.2d 302, cert. den. 275 Ala. 290, 154 So.2d 305, cert. den. 375 U.S. 860, 84 S.Ct. 126, 11 L.Ed.2d 87.

■ Under these authorities and the finding of the trial court, the plea of guilty in open court disposed of the question of the voluntariness of the confession.

■ Act No. 526, Regular Session 1963, approved September 16, 1963, provides in Sec. 6 that the Chief Justice may appoint counsel in such proceedings if, inter alia, "it further appears that counsel is necessary in the opinion of such judge to assert or protect the rights of such person." Here the record is short, we have examined it in conference, and in view of the fact that the trial court considered all the points raised by the petitioner, and the evidence submitted to that court where petitioner was represented by counsel, the Chief Justice is of the opinion that appointment of counsel in this court is not necessary and the three other Justices listed concur in that conclusion. Murphy v. State, 276 Ala. 427, 163 So.2d 212; Echols v. State, 276 Ala. 489, 164 So.2d 486; Andrews v. State, 278 Ala. 434, 178 So.2d 827; Mathis v. State, 281 Ala. 424, 203 So.2d 442.

Affirmed and request for counsel on appeal denied.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.