LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from the following judgment of the trial court:
“This cause comes on to be heard before this Court on the Petition for Writ of Error Coram Nobis filed in this Court on January 11,1983, by the Defendant without the benefit of counsel. The record in this cause affirmatively shows that there have been several petitions heretofore filed; that an Order denying it was entered on the first petition on January 25, 1975; that there was another Order on the eleventh day of June denying the second or third writ and there was a third Order on the 25th of February 1982, denying the third or fourth writ and the Court has read and examined at length the Petition filed in this cause on January 11, 1983, and finds no new matters alleged that have not been previously taken all the way to the Supreme Court of Alabama. This Court once again reiterates that this Petition for Writ of Error Coram Nobis is denied without a hearing and he is ordered to be returned to the penal system of Alabama this day.
Done this 17th day of March, 1983.”
The pro se petition shows on its face that it was executed on January 7, 1983, while petitioner was a prisoner in the West Jefferson Correctional Facility. On March 28, 1983, the District Attorney of Dallas County, Alabama, filed a motion to strike the petition, which motion sets forth the following grounds:
“1. That this petitioner has filed two other petitions for Writ of Error Coram Nobis, one in 1975 and one in 1981; both of which have been heard and ruled on, the petition in 1981 being appealed to the Alabama Court of Appeals, and being heard before this Court on February, 1982. That the petition filed in 1983 does not allege any reason or grounds which were not known to the petitioner in either of the two prior hearings.
“2. That the petition fails to allege any grounds or explanation as to why any of the grounds alleged have not been previously presented.
“3. That the petition filed in here herein is nothing more than an attempt by this Defendant to rehash matters already filed and already heard, and is an attempt by the Defendant to simply unduly take the Court’s time.
*1015 “4. That the matters alleged herein have been previously alleged in two prior petitions and have been heard and ruled on.”
The record shows that petitioner was given due notice of the denial of his petition, and he promptly appealed. The trial court appointed an attorney to represent him on appeal, and said attorney has filed a brief in appellant’s behalf, in which he urges that “this case should be reversed and remanded for a full consideration as to whether the issues raised by the petitioner are the same as any prior issues and if not, then a full hearing should be held on the issues raised by the petitioner.” In his argument in his brief, counsel for appellant states:
“The petitioner may or may not have filed prior writs of error coram nobis. No record of any prior writs is shown in the transcript. The petitioner may or may not have raised the same issues in prior hearings. The record is silent regarding any prior issues raised by the petitioner/appellant, if any. No proof of any prior writ(s) and the consent(s), if any, was offered before summarily denying this writ without a hearing. No determination as to any prior issue(s) and the raising of the same in this writ has been shown to have been determined by the Court as required by Sanders v. U.S., 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed. 148 (1963) [which should be 10 L.Ed.2d 148].”
In appellee’s brief, it is urged that “successive petitions for writs of error coram nobis containing the same allegations are properly denied without a hearing.” Cited are: Waldon v. State, 284 Ala. 608, 227 So.2d 122 (1965); Andrews v. State, 278 Ala. 434, 178 So.2d 827 (1965) and Isbell v. State, 277 Ala. 256, 169 So.2d 20 (1964).
We have no doubt as to the soundness of the proposition advanced by appellee. However, we think also that there is some merit in appellant’s position as to the unsatisfactory state of the record to show that previous petitions have been presented by appellant based on the same allegations as are found in the petition denied by the trial court upon which the appeal in the instant case is based.
We are prevented from determining the issue presently pending between the parties, not only by the inadequacy of the order of the trial court and the inadequacy of the motion of the State for a dismissal without a hearing of the coram nobis petition, but also by the inadequacy of the petition itself to set forth allegations of fact that, if true, would entitle him to the relief sought by his petition.
The nine-page coram nobis petition, handwritten by pen and ink but clearly legible by reason of the separation of the letters of the words therein, contains a rambling argument, with the citation of a large number of authorities that purport to support petitioner’s effort as stated in his petition “to set aside his plea of guilty of the 12th day of Nov., 1973.” He fails to state anything whatever as to the crime of which he was charged, as to the judgment against him or as to the sentence that was pronounced against him.
Whatever definite allegations of facts are to be found in the petition, they are so immersed in argument that has no place in a petition for writ of error coram nobis, or any other kind of petition, motion, complaint or pleading in a court of law, that we are at a loss to determine that the petition presents even a colorable cause for relief via writ of error coram nobis. The alleged fact that the target of the petition was apparently a judgment rendered more than nine years before the petition was filed, without any attempt to explain the reason for the delay in filing the petition and without any allegation to the effect that petitioner was not aware until recently of any facts that would support his petition, bespeaks the frailty, if not the insufficiency, of the petition. One of the allegations is that petitioner’s attorney “made no investigation of the victim; the lawyer did not question the character of the victim.” Without knowing what the crime was, we would not know whether the character of the victim was germane to the question of defendant’s guilt. The allegation of the *1016 petition that petitioner’s attorney “did not present evidence to the grand jury that would have acquitted the defendant” manifests a misconception of the functions of a defendant’s attorney, as he has no authority to present evidence to a grand jury.
One allegation of the petition states: “We understand that someone has tampered with the records in the courthouse. I don’t know if it was just some kid or what, but we acknowledge that it’s not the court reporter or the court’s fault in any way.” The next sentence following the one just quoted, is “The petitioner does not acknowledge that it’s not the court reporter or the court’s fault in where the record and transcript to this case is silent.”
We recognize that the petition is intelligible to the petitioner. It appears that probably it was also intelligible to the trial judge and to the district attorney, who apparently had some personal knowledge and recollection of the case in which a judgment was rendered against this appellant on his plea of guilty. However, notwithstanding the apparent intelligibility of the petition to all concerned in the case in the trial court, neither the petition nor the defendant’s motion to strike the petition, nor the court’s order denying the petition, is an aid to us in determining whether the petition presents a colorable cause of action for coram nobis relief. As a result, we are now faced with an issue on appeal that is not judicable on this judicial plane. It’s injudicability has its origin in the incognizability of the petition to anyone without first hand knowledge of any of the pertinent facts. In this circumstance, we would not be warranted in reversing the judgment of the trial court, and, therefore, the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.