HOLMES, Judge.
This is a breach of contract ease.
The plaintiff sued the defendant for the unpaid balance on a contract for the sale of coal. The Circuit Court of Blount County, after an ore terms hearing, entered a judgment in favor of the plaintiff for approximately $7,500.
The defendant appeals, contending that the trial court erred in allowing certain business records to be entered into evidence. We find no error requiring reversal and affirm.
Viewing the record with the attendant presumptions of correctness, the following is revealed.
The plaintiff entered into a contract to sell coal to the defendant for a certain sum per ton. The plaintiff brought suit against the defendant, alleging the defendant owed plaintiff over $9,500 under the contract.
At trial, the plaintiff entered into evidence certain business records that included a list of load numbers, truck numbers, and truck drivers.
There was evidence that the records were prepared under the supervision of Mr. Benny Johns, who was jointly employed by both the plaintiff and defendant to load the coal. Mr. Johns testified that the records were true and correct and were kept in the ordinary course of business.
As stated, the trial court rendered a judgment for the plaintiff and awarded to the plaintiff $7,489.17.
In his brief the defendant states eight separate issues on appeal; however, only one issue was argued in brief. It is well established that, when issues alleging error are not argued in brief on appeal, those issues are deemed to be waived. See Humane Society v. Adams, 489 So.2d 150 (Ala.1983); Ala.Digest, Appeal & Error, Key No. 1078(1) (1982).
Therefore, as indicated, the only issue on appeal is whether the trial court erred in allowing the business records to be entered into evidence.
The rule that applies to the admissibility of business records is Rule 44(h), Alabama Rules of Civil Procedure, which states, in part, as follows:
“(h) Business Entries. Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible in evidence in proof of said act, transaction, occurrence or event, if it was made in the regular course of any business, profession, occupation, or calling of any kind, and it was the regular course of the business, profession, occupation or calling to make such memorandum or record at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter.”
Rule 44(h), A.R.Civ.P.
The defendant apparently contends that the business records complained of were not admissible into evidence because there was a lack of personal knowledge of the records by the entrant or maker of the records.
Rule 44(h) further states that “[t]he circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, and the circumstances of making such photostat or other photographic copy thereof, may be shown to affect its weight but they shall *1067 not affect its admissibility.” Rule 44(h), A.R.Civ.P.
Here, there was evidence that the business records were true and correct and were kept in the ordinary course of business. Clearly, such evidence comports with the requirements of admissibility of a business record as provided in Rule 44(h). Hence, no error in the admission.
As noted, when admissibility is established, the circumstances surrounding the record, including a lack of personal knowledge by the entrant, goes to the weight of the evidence and not the admissibility. See Rule 44(h), A.R.Civ.P.
When evidence is admitted before the trial court, sitting as the trier of fact, it is the trial court’s duty to determine the weight of the evidence and the inferences to be drawn from it. Steele v. Carter, 390 So.2d 299 (Ala.Civ.App.1980). Presumably, this is what the trial court did.
Additionally, under the ore terms rule, the findings of the trial court are presumed correct on appeal, and this court will not reverse unless there is plain and palpable error. Owens v. Durden, 440 So.2d 1079 (Ala.Civ.App.1983). Here, although not argued, clearly, there is no plain and palpable error.
In any event, we note that there appears to be ample additional evidence to support the findings of the trial court without any consideration of the business records. We specifically refer to the testimony of the plaintiff and other business records entered into evidence. Therefore, any error in admitting such records, which we do not believe that there is, would clearly have been harmless error. See Rule 45, Alabama Rules of Appellate Procedure.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J„ concur.