HOLMES, Judge.
This is a contract case.
The seller brought an action against the buyer for an unpaid amount on a sales contrapt for carpet. After a hearing, the trial court awarded the seller $9,902.13. The buyer appeals, and we affirm.
The parties’ contract allowed the buyer to receive credit for the cost of advertisement of the carpet. Neither party disputes that such was included in their agreement. Rather, it is the method by which the buyer was to receive the credit, or the amount of the credit, which they dispute.
The buyer argues that the trial court erred in admitting into evidence the testimony of Henry Edward Smith as to the custom in the carpet industry regarding the allowance of advertising credit. We disagree.
“If a contract is ambiguous then the custom or usage in the trade may be admitted to give meaning to what the two contracting parties meant to agree upon.” C. Gamble, McElroy’s Alabama Evidence § 42.01(11) (3d ed. 1977). The contract in this instance was obviously ambiguous as to the matter of credit for advertising, since that contract apparently consisted of the parties’ oral agreement, confirmed by letters, invoices, and other memoranda which did not specifically address the advertising credit. The trial court, therefore, did not err in allowing testimony of the custom in the carpet industry with regard to advertising credit to explain the parties’ agreement on that matter.
The trial court’s decision to allow the admission of such testimony is further supported by the Uniform Commercial Code (UCC), the provisions of which would apply in this case, since carpet, the subject of the parties’ sales contract, is “goods” within the scope of Article 2 of the UCC. Ala.Code (1975), § 7-2-102 and -105.
Under Ala.Code (1975), § 7-2-202 usage of trade, which we interpret to include industry custom (see Ala.Code (1975), § 7-1-205(2)), may be used to explain or supplement the parties’ agreement contained in confirmatory memoranda.
The buyer’s argument that it was not aware of the alleged custom about which testimony was allowed and that such custom was not well established is not pertinent to the issue on appeal. Such an argument relates to the weight that the trial court should have given the testimony, not whether such testimony should have been allowed.
*976 Furthermore, it appears that the trial court had before it additional evidence of the custom in the industry. The deposition of Ray Hanks, a former employee of World Carpets, was introduced into evidence, and it contained ample evidence of the industry custom.
Therefore, any error regarding the admission of Mr. Smith’s testimony as to custom, which we do not believe that there is, would appear to have been “harmless error.” See Rule 45, Alabama Rules of Appellate Procedure; W.C. Management Co. v. Lanningham, 472 So.2d 1065 (Ala.Civ.App.1985).
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.