This is an appeal from the denial of a petition for writ of error coram nobis in which the petitioner alleged that the indictment was defective and that his counsel was ineffective.
The present petition was filed on December 17, 1984. That petition alleges that a coram nobis petition had previously been filed on November 3, 1983, and subsequently denied. That denial was affirmed by this Court, without opinion, in Vintsonv. State, 447 So.2d 873, 1984.
Recognizing the "virtual flood of post-conviction claims made by prisoners in both state and federal proceedings," Ex parteBoatwright, 471 So.2d 1257, 1259 (Ala. 1985)(Maddox, J, concurring specially), this Court strictly adheres to the rule that repeated petitions for writs of error coram nobis containing the same allegations or grounds for relief should not be entertained. McCray v. State, 282 Ala. 315, 316,211 So.2d 450 (1968).
 "Where the allegations in a petition for writ of error coram nobis have been fully adjudicated and the petitioner makes no showing for the renewed consideration of the same matters by the court, it is not error to grant the State's motion to dismiss the second petition. Allison v. State, 277 Ala. 423, 171 So.2d 239."
* * * * * *
 "Even where other grounds are alleged in the second petition, this Court has held that in the absence of a petition containing cogent and compelling reasons why all the grounds relied upon were not included in the first petition for writ of error coram nobis, which has been heard and determined, this Court will not order the lower court to entertain or hear a second coram nobis petition relating to the same conviction." Waldon v. State, 284 Ala. 608, 609, 227 So.2d 122 (1969). *Page 870 
See also Andrews v. State, 278 Ala. 434, 435, 178 So.2d 827
(1965); Isbell v. State, 277 Ala. 256, 169 So.2d 20 (1964); ExParte Phillips, 277 Ala. 82, 83, 167 So.2d 165 (1964).
Although the record indicates that Vintson was not given an evidentiary hearing on his first petition, his second petition does not allege that the allegations in his first petition were not fully adjudicated, and it contains no compelling reason why all the grounds relied upon were not included in the first petition. Therefore, the second coram nobis petition was properly dismissed.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.