James McConico, Jr., appeals from denial of a "Petition for Relief of Sentence or Conviction." We quote here the appellee's statement of the case:
 "On or about January 5, 1984, the Appellant, James McConico, Jr., was convicted of murder and sentenced to life imprisonment pursuant to application of the Habitual Felony Offender Act. Trial and sentencing were held before Circuit Court Judge Joseph Jasper of Jefferson County. The conviction and sentence were affirmed on appeal on August 14, 1984. See McConico v. State, 458 So.2d 743 (Ala.Cr.App. 1984).
 "On or about January 13, 1985, the Appellant filed a Petition for Writ of Error Coram Nobis, which was denied by Circuit Judge Jasper. This Honorable *Page 332 
Court affirmed the denial on July 23, 1985. (6 Div. 784). On or about June 14, 1985, the Appellant filed another error coram nobis petition which was dismissed because the first one was on appeal. On or about January 13, 1987, the Appellant filed yet another petition for writ of error coram nobis which was denied. On April 13, 1987, the Appellant filed an amended petition which was denied. On April 30, 1987, the Appellant filed another amended petition for writ of error coram nobis which was denied. On appeal to this Honorable Court the appeal was dismissed. The Appellant's amendments were rejected June 29, 1987. On June 3 and 8, 1987, the Appellant filed Motions for Relief, which were dismissed on June 10, 1987. The instant case began on June 15, 1984, when the Appellant filed a Petition for Relief from Conviction or Sentence, pursuant to Temporary Rule 20, A.R.Crim.P. On or about July 7, 1987, the Appellant filed an identical Rule 20 petition dated July 4, 1987. Appellant had also forwarded an identical petition dated June 24, 1987. On October 7, 1987, Circuit Judge Jasper denied Appellant's Rule 20 petition. On October 16, 1987, the Appellant sent the Court a letter which shows Appellant's confusion between the court's prior ruling as to the June 3 and 8 motion and the subsequently filed petitions. On or about October 10, 1987, the Appellant filed a Petition for Writ of Mandamus with the Court of Criminal Appeals. On October 19, 1987, the Appellant filed notice of appeal. On or about November 11, 1987, the Appellant filed a Motion to Remand with the Alabama Court of Criminal Appeals.
 "NOTE: The Appellant has filed numerous appeals with this court relating to either error coram nobis or habeas corpus petitions. They can be found in the court's records as 6 Div. 784 — 1985, 6 Div. 793 — 1985, 6 Div. 899 — 1985, 6 Div. 49 — 1986, 6 Div. 94 — 1986, 6 Div. 136 — 1986, 6 Div. 136 — 1987, 6 Div. 329 — 1987, 6 Div. 350 — 1987, 6 Div. 349 — 1987, 6 Div. 530 — 1987. This is merely an approximation and does not include those petitions that were not appealed which were filed in circuit court while others were pending on appeal."
 Appellant contends that he suffered ineffective assistance of counsel. As the State of Alabama asserts in its statement of facts,
 "The Appellant has taken the issue of ineffective assistance of counsel through the State Courts and all the way through the Federal Courts to the point of having certiorari denied by the United States Supreme Court. In ruling on the present petition Judge Jasper stated 'all matters having been previously decided and ruled on by this court and the appellate courts of this state, the said petition is hereby denied.' "
 Judge Jasper has been the judge in numerous matters dealing with this appellant including his original trial. A judge in an error coram nobis hearing who has presided over previous proceedings in the case may consider his personal knowledge of the case in determining his ruling. Little v. State, 426 So.2d 527 (Ala.Crim.App. 1983).
 Rule 20.2(b), Alabama Temporary Rules of Criminal Procedure, states:
 "The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard. . . ." [Emphasis added.]
 This case exemplifies the reason for the adoption of this rule. The circuit court was required by Rule 20.2(b), Alabama Temporary Rules of Criminal Procedure, as well as by previous case law and by common sense, to dismiss or deny this petition.
AFFIRMED.
All the Judges concur. *Page 333