**John E. COLLIER,
Petitioner–Appellant,**

v.

**Ron E. JONES and The Attorney
General of the State of Alabama,
Respondents–Appellees.**

No. 88–7484.

United States Court of Appeals,
Eleventh Circuit.

Sept. 6, 1990.

J. Andrew Heaton, Davis Polk & Wardwell, Washington, D.C., for petitioner-appellant.

Robert E. Lusk, Jr., Asst. Atty. Gen., PCR Section, Montgomery, Ala., for respondents-appellees.

Before CLARK and COX, Circuit Judges, and TUTTLE, Senior Circuit Judge.

CLARK, Circuit Judge:

On May 21, 1985, petitioner-appellant John E. Collier was convicted in the Circuit Court of Madison County, Alabama of receiving, retaining or disposing of stolen property in violation of section 13A–8–18 of

the Code of Alabama. He was sentenced to 15 years in prison, and has since been released on parole. On February 12, 1986, Collier's conviction was affirmed without opinion by the Alabama Court of Criminal Appeals. 486 So.2d 520. Collier's petition for certiorari was denied by the Supreme Court of Alabama on May 23, 1986. In June, 1986, Collier filed a petition for a writ of error coram nobis in the Circuit Court of Madison County. Following a hearing on January 6, 1987, the court denied his petition, and the Court of Criminal Appeals affirmed without opinion on May 26, 1987.

On August 28, 1987, Collier filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 19, 1988, the magistrate issued an order declaring his intention to construe the state's answer as a motion for summary judgment and to rule on the motion without holding a hearing. On April 29, 1988, the magistrate issued a Report and Recommendation recommending that Collier's petition be denied. R1–7. The district court adopted the magistrate's report as its own opinion on July 19, 1988, R1–9, and Collier appeals. We affirm.

Collier argues that the district court erred in failing to hold an evidentiary hearing on the first two grounds for relief alleged in his petition. These claims are that his conviction is invalid, 1) because it was obtained through perjured testimony, and 2) because of racial discrimination in the jury venire selection process in the county where he was tried. The magistrate correctly noted that under state law neither of these claims was properly preserved through contemporaneous objections or through presentation on direct appeal. R1–7–5,10–11. Both claims were presented in Collier's state coram nobis petition along with an ineffective assistance of counsel claim and five other allegations of error. R1–5–Exh. J. The state trial court held a hearing which focused on the ineffective assistance of counsel claim, and in its opinion denying the petition discussed

only the ineffective assistance of counsel claim. R1–5–Exh. J.

■ The magistrate concluded that it is unclear whether the state court's summary denial of all other claims was on the basis of procedural default or the merits. R1–7–6,11. In concluding that a federal court should treat such a summary denial as resting on procedural default, the magistrate incorrectly cited this court's opinion in *Lindsey v. Smith*, 820 F.2d 1137 (11th Cir.1987), *cert. denied*, —— U.S. ——, 109 S.Ct. 1327, 103 L.Ed.2d 595 (1989), for the proposition that "a summary denial of a state coram nobis petition cannot be construed to be a decision by the state court on the merits of the claim." R1–7–6, 11. The panel in *Lindsey* expressly noted that the issue of "[w]hether a state court's denial without opinion of a petitioner's claims should be construed by a federal habeas court as a decision on the merits" was awaiting decision by the court sitting *en banc*, and stated that its decision in the *Lindsey* case need not await resolution of that particular issue. *Lindsey*, 820 F.2d at 1142–43. The court determined that because the claim based on *Swain v. Alabama* in the petitioner's federal petition had not been raised before *any* state court, "the summary denial of the state coram nobis petition cannot be construed as a decision on the merits of the *Swain* claim...." *Id.* at 1143–44. Therefore, the *Lindsey* court's holding regarding procedural default is that when a petitioner has failed to present a claim to the state courts and under state procedural rules the claim has become procedurally defaulted, the claim will be considered procedurally defaulted in federal court.[1]

■ The magistrate's 1988 ruling in this case that when the state court's ruling is ambiguous as to whether it rests on procedural default or on the merits, the federal court "must presume that the state court applied its well-established procedural rules," is now in direct conflict with the Supreme Court's decision in *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103

---

1. The court also applied the exception to procedural default recognized in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *Lindsey*, 820 F.2d at 1144.

L.Ed.2d 308 (1989). In *Harris*, the Court extended the "plain statement" rule announced in *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983) to habeas cases, holding that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." 489 U.S. at ——, 109 S.Ct. at 1043, 103 L.Ed.2d at 309 (citing *Caldwell v. Mississippi*, 472 U.S. 320, 327, 105 S.Ct. 2633, 2638, 86 L.Ed.2d 231 (1985) (quoting *Long*, 463 U.S. at 1041, 103 S.Ct. at 3476, 77 L.Ed.2d at 1214)). The state court's denial of Collier's petition was affirmed without opinion on appeal, and thus the ambiguity created by the state court's opinion remains. Under these circumstances, a federal court cannot presume that the state court's ruling rests on procedural default. *Id.*

Nevertheless, independent grounds exist for finding Collier's claims based on perjury and discrimination in jury venire selection procedurally barred. Although Collier raised these claims in his state coram nobis petition, they were not argued to the Alabama Court of Criminal Appeals on appeal of the state court's denial of that petition. As a result, these claims are not fully exhausted, as the state court that is usually the final arbiter of such collateral attacks on criminal convictions was not afforded a fair opportunity to rule on them. *See Mitchell v. Southern Guaranty Ins. Co.* 485 So.2d 1138 (Ala.1986) (Appellate court has no choice but to affirm lower court's decisions on issues raised below but not presented to appellate court for review.); *Smith v. White*, 719 F.2d 390 (11th Cir.1983) (Exhaustion satisfied once issue presented to Alabama Court of Criminal Appeals.). Dismissal of Collier's federal habeas corpus petition to allow him to fully exhaust these claims would be futile, however, because Collier is barred by state procedural rules from presenting them again in a coram nobis petition. Ala.R. Crim.Pro. 20(a)(4), 20(b); *McConico v.*

*State*, 522 So.2d 331 (Ala.Crim.App.1988); *McDaniel v. State*, 526 So.2d 895 (Ala. Crim.App.1987); *Vintson v. State*, 494 So.2d 869 (Ala.Crim.App.1986); *See also Bogle v. Scheer*, 512 So.2d 1336 (Ala.1987) ("[I]ssues not argued in brief are waived...."); *W.C. Management Co. v. Lanningham*, 472 So.2d 1065 (Ala.Civ.App. 1985); *Terry v. City of Decatur*, 49 Ala. App. 652, 275 So.2d 167 (Ala.Crim.App. 1973). We find, therefore, that these claims are presented to the federal courts in a posture analogous to claims that have never been presented to a state court, and which have become procedurally barred under state rules. Under such circumstances this circuit has held that *Harris* does not preclude a federal court from finding the claims procedurally barred. *See Parker v. Dugger*, 876 F.2d 1470 (11th Cir.1989) (Holding, post-*Harris*, that where dismissal to allow exhaustion of un-exhausted claims would be futile due to state procedural bar, claims are considered procedurally barred in federal court.). Following this precedent, we hold Collier's two claims based on perjured testimony and racial discrimination in jury venire selection are procedurally defaulted.[2]

Collier also appeals the district court's holding that he failed to prove that he was denied effective assistance of counsel. Collier argued to the district court that his trial counsel committed four different errors: 1) Failure to present a defense, 2) failure to interview and offer testimony from two witnesses who would have given exculpatory testimony, 3) failure to investigate the background of the state's key witness, and 4) failure to adequately determine the value of the stolen property Collier was accused of receiving to ensure that he was properly charged with receiving stolen property in the second degree. Our review of the record has revealed no errors in the magistrate's decision on this issue, and we affirm the district court's order for the reasons set forth on pages 11–21 of the magistrate's report. R1–7.

Although Collier proceeded *pro se* in the district court, and initially filed a *pro*

---

**2.** Collier has made no attempt to meet the exception to procedural default outlined in *Wain-*

*wright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

*se* brief on appeal, this court *sua sponte* appointed appellate counsel to argue his appeal. The briefs filed by counsel argue that Collier was denied effective assistance of counsel because his attorney failed to move for acquittal on the basis that the state had presented only the uncorroborated testimony of an accomplice. Under Alabama law, a defendant may not be convicted on the uncorroborated testimony of an accomplice. Ala.Code § 12–21–222 (1986); *Turner v. State*, 410 So.2d 458 (Ala. Crim.App.1981); *Cooper v. State*, 393 So.2d 495 (Ala.Crim.App.1981). This argument is related to Collier's contention that his counsel was ineffective for failing to fully investigate the background of the state's key witness, Ray McMahon.[3] Collier argued before the magistrate that if counsel had properly investigated, she would have found that McMahon is a well-known "fence" for stolen goods, and she could have used this evidence to impeach him. Counsel on appeal argues that she also could have used this evidence to show that McMahon knew that the goods were stolen, an essential element in showing that McMahon was in fact Collier's accomplice. Ala.Code §§ 13A–8–16, 13A–8–18 (1982) (defining crime of receiving stolen property in the second degree as containing element of knowledge, or reason to know, of stolen nature of goods.) Collier's trial attorney explained her decision not to pursue this defense as follows:

> At trial I felt that the State's evidence was weak and that we would have a better likelihood of success in leaving it weak rather than helping the State bolster the inference of Collier's guilty knowledge by trying to show guilty knowledge on the part of McMahon.
>
> \* \* \* \* \* \*
>
> At the time of trial McMahon's testimony was weaker than we had anticipated in that he denied that he knew the property to be stolen and did not testify to any facts inferring that Collier knew the property to be stolen (other than the

inference which may arise by possession of recently stolen property). Under those circumstances I felt any further tarnishing of McMahon would bolster what I felt might be, thus far, insufficient evidence of intent on the part of Mr. Collier.

R1–5–Exh. N (Affidavit of Collier's trial counsel). Thus, counsel made a strategic decision to avoid the issue of McMahon's reputation as a "fence" so as not to bolster the state's evidence against Collier by showing that Collier decided to sell this guitar to a known "fence." Our review of the entire trial transcript reveals that this was a reasonable strategic decision in light of the weak evidence of Collier's intent presented at trial. Counsel was faced with a choice between attempting to convince the jury that McMahon was an accomplice, and risk failing in that attempt while simultaneously bolstering the case against her own client, or avoiding the accomplice issue and letting the jury decide the case based on the weak evidence presented against Collier by the state. Under these circumstances we cannot say that her strategy would not have been chosen by reasonably competent counsel.

Collier's motion to supplement the record on appeal is granted. Our review of Collier's supplemental affidavit has not changed our view that no evidentiary hearing is necessary to a proper determination of Collier's petition. The affidavit in large part presents information regarding issues that have been procedurally defaulted, and to the extent that it discusses issues presented to the magistrate, it does not add significantly to the information the magistrate had before him when he ruled on Collier's petition.

For the reasons set forth above, the district court's denial of Collier's petition for a writ of habeas corpus is AFFIRMED.

---

**3.** Although normally we do not consider arguments on appeal that have not been presented to the magistrate or district court, the argument raised by Collier's appellate counsel is suffi-

ciently similar to the argument presented by Collier to the magistrate that we are confident that the magistrate's ruling implicitly encompassed such an argument.