[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10770
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 1, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01273-CV-J-33-HTS

RONALD CONINE,

Petitioner-Appellant,

versus

THOMAS S. FORTNER,
Warden,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 1, 2008)**

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Ronald Conine, a pro se state prisoner serving a life sentence without parole plus 30 years, to be served consecutively, for first degree murder, two counts of aggravated child abuse, two counts of child abuse, and two counts of filing a false report, appeals the district court's denial of his amended 28 U.S.C. § 2254 habeas petition. On appeal, Conine argues that his trial counsel's failure to timely move for a mistrial after his codefendant's counsel's demonstration at trial, involving shaking a doll violently, establishes cause for his procedurally defaulted claims. For the reasons set forth more fully below, we affirm.

Conine's original pro se § 2254 petition raised four ineffective assistance of counsel claims. The one at issue here is that his trial counsel was ineffective for failing to contemporaneously object to and move immediately for mistrial after the doll demonstration. In his amended petition, Conine raised only two claims, neither of which asserted ineffective assistance of counsel. The court noted that Conine had raised only two claims of trial court error in the amended petition, and it ordered Conine to inform it whether Conine intended to abandon the four ineffective assistance claims contained in his original § 2254 petition. Conine responded that he "wishe[d] to affirmatively proceed in this habeas action only with the presentation of his two trial court error claims raised in the amended petition and to abandon the four [ineffective assistance of counsel] claims

2

originally presented." Conine further stated that he had reviewed the direct appeal documents and "ascertained that his counsel was not ineffective because he <u>did</u> file a motion to sever which would have prevented this prejudicial demonstration by codefendant's counsel, and that counsel <u>did</u> object and request a mistrial in a timely manner, therefore altering the presentation of these issues and their presentation to this Court."

The district court found that the claims in Conine's amended § 2254 petition were timely because they related back to the claims Conine raised in his initial § 2254 petition. However, the court found that Conine's federal constitutional claims in his amended petition were procedurally barred because Conine failed to raise the claims on direct appeal in the state court. Specifically, the court determined that Conine failed to cite any federal cases or refer to the United States Constitution in his initial brief on direct appeal. The court denied Conine's amended petition and dismissed the action with prejudice.

The district court construed Conine's subsequent notice of appeal as an application for a certificate of appealability ("COA"), which it denied. We issued the following amended COA: "Whether trial counsel's ineffective assistance constituted cause and prejudice, allowing appellant to proceed on his procedurally defaulted claims."

3

I.

We review de novo a district court's denial of a habeas petition under 28

U.S.C. § 2254 and its factual findings for clear error.  Sims v. Singletary, 155 F.3d

1297, 1304 (11th Cir. 1998) (citation omitted).  A district court's dismissal of a

habeas claim for procedural default is also reviewed de novo.  Fortenberry v.

Haley, 297 F.3d 1213, 1219 (11th Cir. 2002) (citation omitted).

"Pro se pleadings are held to a less stringent standard than pleadings drafted

by attorneys and will, therefore, be liberally construed."  Tannenbaum v. United

States, 148 F.3d 1262, 1263 (11th Cir. 1998).  Accordingly, we show leniency to

pro se litigants, but we will not serve as de facto counsel or rewrite a pleading in

order to sustain an action.  GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d

1359, 1369 (11th Cir. 1998).  Further, "a legal claim or argument that has not been

briefed before the court is deemed abandoned and its merits will not be addressed."

Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

"Before a federal court may grant habeas relief to a state prisoner, the

prisoner must exhaust his remedies in state court."  O'Sullivan v. Boerckel, 526

U.S. 838, 842, 119 S.Ct. 1728, 1731, 144 L.Ed.2d 1 (1999).  Failure to do so may

result in the claim being procedurally defaulted.  See Collier v. Jones, 910 F.2d

770, 772 (11th Cir. 1990) ("[W]hen a petitioner has failed to present a claim to the

4

state courts and under state procedural rules the claim has become procedurally defaulted, the claim will be considered procedurally defaulted in federal court.").

"[A] procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." Edwards v. Carpenter, 529 U.S. 446, 451, 120 S.Ct. 1587, 1591, 146 L.Ed.2d 518 (2000) (emphasis added). In other words, "a prisoner [is required] to demonstrate cause for his state-court default of any federal claim, and prejudice therefrom, before the federal habeas court will consider the merits of that claim." Id. (emphasis in original). The Supreme Court has noted that the one exception to that rule "is the circumstance in which the habeas petitioner can demonstrate a sufficient probability that [] failure to review his federal claim will result in a fundamental miscarriage of justice." Id.

Initially, neither party challenges the district court's finding that Conine had procedurally defaulted the two claims he raised in his amended § 2254 petition because Conine failed to raise the federal-related claims in state court. Instead, Conine claims on appeal that his procedurally defaulted claims raised in his amended petition should be excused because his trial counsel's ineffectiveness constitutes cause and resulting prejudice. However, construing his pro se brief

5

liberally, Conine does not assert that his trial counsel was ineffective for failing to raise the federal-related claims in state court. Instead, he argues that his trial counsel was ineffective for failing to timely move for a mistrial after his codefendant's counsel's doll demonstration. However, Conine affirmatively abandoned this claim in the district court, and we will not consider it in the first instance. See Depree v. Thomas, 946 F.2d 784, 793 (11th Cir. 1991) (stating that "an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court."); see also United States v. Ross, 131 F.3d 970, 988 (11th Cir. 1997) (noting that "[i]t is 'a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party.'") (citation omitted). Moreover, Conine has abandoned on appeal any argument that cause exists based upon his trial counsel's failure to "federalize" his claims in state court by his failure to raise it in his brief. See Access Now, Inc., 385 F.3d at 1330.

It is worth noting, however, that, even if the issue of trial counsel's failure to timely file a motion for a mistrial were properly before us, Conine's argument that he has demonstrated cause such to excuse his procedurally defaulted federal claims is meritless in light of Conine's own admissions that his trial counsel actually did file a timely motion to sever. Conine's claim further fails because whether or not

6

his trial counsel timely moved for a mistrial does not establish cause to excuse his procedurally defaulted claims. In other words, by the argument raised in his brief, Conine has not demonstrated cause for his failure to raise his federal-related claims in state court. See Edwards, 529 U.S. at 451, 120 S.Ct. at 1591. Further, Conine has not shown a fundamental miscarriage of justice that would permit us to consider the merits of his procedurally defaulted claim. See id.

In light of the foregoing, the district court is

**AFFIRMED.**